# Staunton

## Larry R. Jackson v. William M. Prestage, Jr.

September 11, 1963.

Record No. 5567.

Present, All the Justices.

The opinion states the case.

*Eli S. Chovitz (Israel Steingold; Steingold, Steingold & Chovitz,* on brief), for the plaintiff in error.

*John F. Rixey (Rixey & Rixey,* on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Jackson filed a motion for judgment against Prestage alleging that Prestage negligently struck him with his automobile at the intersection of First Place and Ingram Street in the City of Norfolk as he was crossing Ingram Street, thereby causing him the injuries complained of.

In addition to compensatory damages the plaintiff sought punitive damages, alleging gross and wanton negligence induced by voluntary intoxication.

The defendant's demurrer to the claim for punitive damages was sustained by the trial court. The case was tried before a jury and a verdict was returned for the defendant. Plaintiff's motion to set the verdict aside as being contrary to the law and the evidence and to grant a new trial was overruled and final judgment entered for the defendant. We granted plaintiff a writ of error.

The record discloses that the plaintiff, twenty years of age, was a supply officer in the Marine Corps. He was struck by defendant's automobile at approximately 6:15 p.m., on February 5, 1960, at which time it was raining, dark, and the defendant had his lights on. The intersection was lighted and the defendant had stopped at a stop sign prior to making a right hand turn into Ingram Street. The plaintiff contends that he was crossing at the intersection, whereas defendant contends that plaintiff ran diagonally across Ingram Street at a point east of the intersection from between parked cars.

At the outset defendant asserts that the writ of error should be dismissed because of appellant's failure to comply with Rule 5:1, § 6(d), which requires the assignments of error to be designated and printed. The fact that the assignments of error were not designated to be printed is not sufficient in this instance to dismiss the writ, and the motion is overruled. As said in *Vick v. Siegel,* 191 Va. 731, 736, 737, 62 S. E. 2d 899, 901:

"* * * The assignments of error were in fact filed in the clerk's office within sixty days after final judgment. Defendant was also given notice within that period of plaintiff's purpose to appeal. * * * There has been, we think, a substantial compliance with the rule.

While it is plainly made the duty of counsel to designate for printing the parts of the record specified in Rule 5:1, Sec. 6(d), we hold that failure to designate the assignments of error in this case is not sufficient ground for ·dismissing the writ of error." See *Avery* v. *County School Board*, 192 Va. 329, 331, 332, 64 S. E. 2d 767, 769.

▮ Appellant contends that the trial court erred in sustaining the demurrer to his claim for punitive damages. There is no allegation or evidence in the record sufficient to support a finding of punitive damages and the trial court correctly sustained the demurrer. *Baker* v. *Marcus*, 201 Va. 905, 910, 114 S. E. 2d 617, 620, 621.

▮ We now come to what we consider to be the heart of this appeal, *i.e.*, whether the trial court erred in withholding from the consideration of the jury evidence relating to the consumption of alcohol by the defendant immediately preceding the accident, and his condition as testified to by the investigating officers immediately after the accident.

In this regard, the trial court heard evidence out of the presence of the jury relating to the defendant's drinking, and ruled that such evidence should not be submitted to the jury. This evidence may be summarized as follows:

The defendant, called as an adverse party, testified that he had eaten lunch around noon on the day of the accident; that he had not eaten anything since lunch; that he got off from work at 4:30 p.m. and went to the Benmorell Enlisted Mens Club, and that between ·4:45 and 6:00 p.m. he drank four or five glasses of draft beer, each containing nine or ten ounces.

One of the police officers investigating the accident testified that the defendant's manner of speech was "a little erratic."

While we do not intend to change or alter the doctrine as laid down in a number of Virginia cases[1] that the mere odor of alcohol on a person's breath is not sufficient proof of intoxication and if that is all that can be shown the evidence is properly excluded from the jury (*Davis* v. *Sykes*, 202 Va. 952, 955, 121 S. E. 2d 513, 515), we hold that the exclusion of evidence relating to defendant's intoxication at the time of the accident under the facts of this case, where the defendant's exercise of proper control or lookout is the point in issue, was prejudicial to the plaintiff and constituted reversible error.

The doctrine mentioned above has no application in the present

[1] *Burks* v. *Webb, Adm'x*, 199 Va. 296, 99 S. E. 2d 629; *Basham* v. *Terry, Adm'x*, 199 Va. ·817, 102 S. E. 2d 285; *Laughlin* v. *Rose, Adm'x*, 200 Va. 127, 104 S. E. 2d 782.

case. In addition to the odor of alcohol on defendant's breath, he admits he drank four or five beers within an hour and fifteen minutes of the accident, and one of the investigating officers stated that his speech was "a little erratic". Certainly these facts would be relevant as to whether the defendant suffered a condition reasonably calculated to affect his control or lookout. *Davis* v. *Sykes, supra.* The physical condition of a defendant at the time of and immediately preceding an accident is properly before the jury in determining whether or not the defendant is guilty of negligence. "Evidence tending to show the intoxication of a person involved in an accident is admissible on the issue of negligence * * *." 65 C.J.S., Negligence, § 242, page 1062; 38 Am. Jur., Negligence, § 322, page 1019.

The contention of the plaintiff that the *voir dire* examination of the jury was improperly restricted by the refusal of the court to allow prospective jurors to be questioned concerning membership in social clubs or awarding damages for pain and suffering is without merit. *Davis* v. *Sykes, supra,* 202 Va., at page 956, 121 S. E. 2d, at pages 515, 516.

The errors assigned with respect to instructions need not be discussed at length. The refusal of Instruction P-8 was not assigned as error and will not be considered.

The trial court correctly refused Instruction P-9 as it is argumentative and relieves the plaintiff of his continuing duty to use ordinary care under the circumstances.

For the reasons stated the judgment is reversed and the case is remanded for a new trial in conformity with the views herein expressed.

*Reversed and remanded.*