# Richmond

Joseph Robert Taylor v. Effie Jenkins Turner.

March 8, 1965.

Record No. 5873.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson and Carrico, JJ.

*Harry J. Kostel* (*Jones, Blechman, Woltz & Kelly,* on brief), for the plaintiff in error.

*Granger West* (*Charles E. Ford; Ford, West & Wilkinson,* on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

This litigation arises out of an automobile collision which occurred at the intersection of Twenty-seventh street and Maple avenue, in the city of Newport News. Joseph Robert Taylor was driving eastwardly along Twenty-seventh street. As he reached the intersection of Maple avenue he attempted to make a left turn and go north on that street. His car was struck by a car being driven westwardly along Twenty-seventh street by Effie Jenkins Turner.

Taylor filed a motion for judgment against Turner to recover damages for injuries sustained in the collision. Turner filed a counterclaim against Taylor for damages for her injuries. There was a trial by a jury which first brought in a verdict, reading: "The jury finds negligence on the part of both the defendant and the plaintiff." Without objection, at the direction of the lower court, the jury amended their verdict to find in favor of the defendant on the plaintiff's claim and in favor of the plaintiff on the defendant's cross claim. Judgment was entered on the verdict denying the right of either party to recover of the other. We granted Taylor a writ of error. Turner did not appeal.

In his assignments of error Taylor does not question the sufficiency of the evidence to sustain the verdict. He contends that the lower court erred: (1) in refusing to allow a police officer to testify that immediately after the accident he found in the Turner car a number of fruit jars containing bootleg or untaxed whiskey; (2) in granting Instruction "G" at the instance of the defendant, Turner; (3) in orally instructing the jury "on the matter of right of way in response to a question of the jury" asked during their deliberations.

The facts may be stated thus: On December 17, 1962, about 5:45 P. M., Taylor was driving eastwardly along Twenty-seventh street. This is a four-lane street, running east and west, with two traffic lanes in each direction, separated by a three-foot median strip. Maple avenue is about 21 feet wide and intersects Twenty-seventh street at a right angle.

Taylor testified that when he reached the intersection he undertook to make a left turn from Twenty-seventh street and go north on Maple avenue. As he began his turn, he saw the Turner car traveling westwardly along Twenty-seventh street and approaching the intersection "at a high rate of speed" in its right-hand lane. He stopped his car in the intersection with its front extending into the left-hand westbound lane of Twenty-seventh street. Suddenly, he said, the approaching Turner car left the right-hand lane in which it had been proceeding, came into the left-hand lane, and headed toward his car. In the effort to avoid a collision he "mashed on the gas to get out of her way," and as he proceeded through the intersection the right side of his car was struck by the front of the Turner car.

Turner testified that she approached the intersection, traveling west on Twenty-seventh street, at a speed of from 28 to 30 miles per hour. She was following another car proceeding in the same direction. She said that she saw the Taylor car stop in the intersection and that as soon as the car which was ahead of her had proceeded through the intersection, the Taylor car "dashed right out in front" of her and she was unable to avoid the collision.

An investigating police officer, who reached the scene within a few minutes after the collision, testified as to the position of the two vehicles when he arrived there and the damage to each. He further testified that he talked with the defendant, Turner; that she had an odor of alcohol on her breath, and that she was "slightly unsteady on her feet."

Taylor testified that he could smell alcohol on the defendant's breath and that she "staggered against the front of her car" just after the accident.

The lower court, however, refused to allow the investigating officer to testify that after the collision he found in the Turner car several half-gallon fruit jars of "bootleg" whiskey, two of which were full and lying on the floorboard of the car and a partly filled half-gallon jar was in the trunk of the car. This evidence was offered, Taylor's counsel asserted, to show that Turner was operating her vehicle while under the influence of intoxicants and to contradict her statement that she had had nothing to drink except a portion of a bottle of beer several hours prior to the accident. The refusal of the court to permit this testimony is the basis of Taylor's first assignment of error.

The argument in support of this assignment of error is that evidence

tending to show the intoxication of a driver involved in a collision is admissible on the issue of negligence (*Jackson* v. *Prestage*, 204 Va. 481, 484, 132 S. E. 2d 501, 504), and that evidence of the presence of liquor in the car is a circumstance tending to show that the driver had been drinking such liquor.

There are cases which support the view that evidence of the presence of liquor in a car involved in a collision is relevant to the issue of whether the driver was intoxicated. See 61 C. J. S., Motor Vehicles, § 516-b, p. 252; *State* v. *Hatcher*, 303 Mo. 13, 259 S. W. 467, 471; *Hart* v. *State*, 26 Ga. App. 64, 105 S. E. 383; *Boeker* v. *Grigg*, 11 Ill. App. 2d 368, 137 N. E. 2d 503, 504.

It is unnecessary that we decide in the present case whether we will adopt that view and hold that such evidence was admissible. For if its exclusion was error, it was harmless and not prejudicial to Taylor's case. As has been said, without the benefit of such evidence, the jury found that both parties were negligent in the operation of their respective cars and that neither was entitled to recover of the other. Since the jury found that the defendant, Turner, was negligent, evidence that she had been drinking would have contributed nothing more to the plaintiff's cause of action against her. Nor would such evidence have relieved the plaintiff, Taylor, of his own negligence of which the jury have convicted him. The manner in which the plaintiff drove his car was determinative of his negligence or freedom from negligence.

It is elementary that in order to constitute reversible error the ruling of the trial court must be material and prejudicial to the interests of the party complaining of it. *Rea, Adm'x* v. *Ford*, 198 Va. 712, 720, 96 S. E. 2d 92, 97; Code (Repl. Vol. 1957), § 8-487, as amended; Burks Pleading and Practice, 4th Ed., § 438, pp. 857, 858.

The next assignment of error challenges the ruling of the lower court in granting Instruction "G" at the request of the defendant, Turner. This instruction reads:

"The court instructs the jury that by statute in this State the driver of a vehicle in an intersection and turning therein to the left across the line of traffic of vehicles within or approaching the intersection shall yield the right of way to such other vehicles.

"Therefore, if you find from the evidence that Effie Turner was proceeding west on 27th Street approaching the intersection with Maple Avenue and that Joseph Taylor was proceeding east on 27th Street and at the intersection of Maple Avenue undertook to turn left into Maple Avenue across the line of travel of Effie Turner when

Effie Turner was within or approaching the intersection, it was the duty of Joseph Taylor to yield the right of way to Effie Turner.

"If you further find from the evidence that in these circumstances Joseph Taylor failed to yield the right of way to Effie Turner and that such failure was a proximate cause of the collision between the two cars, then Joseph Taylor cannot recover against Effie Turner in the case of *Taylor* v. *Turner*."

The only objections made to this instruction in the lower court were that it should tell the jury (1) that the plaintiff would be relieved of yielding the right of way if he was acting in a sudden emergency, and (2) that the defendant would forfeit her right of way unless she "be free of negligence" and drove "properly" in approaching the intersection.

In answer to the first objection the lower court announced that it would give the jury a separate sudden emergency instruction embodying this, the plaintiff's theory of the case. Without objection, such an instruction was given and this ground of objection was not pressed further in the lower court.

The main objection which the plaintiff made to the instruction and which is pressed on this appeal, is that it should have told the jury that the defendant, Turner, forfeited her right of way unless she was proceeding lawfully or was "free of negligence" in approaching the intersection. We do not agree with this contention.

The forfeiture provision upon which the plaintiff, Taylor, relies is found in Code (Rep. Vol. 1958), § 46.1-221, as amended, which deals with the right of way between two vehicles approaching or entering an intersection at approximately the same time. That section carries the provision that, "The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have" thereunder.

The instruction is based on Code (Repl. Vol. 1958), § 46.1-222, which provides that, "The driver of a vehicle, in an intersection and turning therein to the left across the line of travel of vehicles within or approaching the intersection shall yield the right of way to such other vehicles, * * * ." As we pointed out in *Atwell* v. *Watson*, 204 Va. 624, 630, 133 S. E. 2d 552, 557, there is no forfeiture provision in this latter section.

In his brief Taylor argues that the instruction should have been qualified by adding the italicized words, so as to state that under the circumstances "it was the duty of Taylor *to exercise ordinary care* to yield the right of way to Effie Turner." In the first place, since

no such objection was made to the instruction in the lower court, it should not be considered on appeal. Rule 1:8. But aside from that, the instruction, being phrased in the language of the statute [§ 46.1-222, *supra*], is in proper form.

During the course of its deliberations the jury returned to the courtroom and asked the court in writing "to declare an interpretation of 'what constitutes yielding of right a way.'" In response to this request the court instructed the jury as follows: "I have already instructed this jury as to the circumstances under which Effie Turner may have had the right of way. To yield the right of way, if one exists, means to allow the vehicle having the right of way to proceed through the intersection. One cannot, however, avail himself of the right of way unless in the exercise of ordinary care he can do [so] with safety to himself or others."

Although no such objection was made in the lower court, Taylor claims in his brief that this oral instruction served to "confuse" the jury in that it was in conflict with what had been embodied in Instruction "G" as written.

There is no merit to this contention. The oral instruction correctly told the jury that, "To yield the right of way, * * * means to allow the vehicle having the right of way to proceed through the intersection." This was in no way conflicting with the language of the written instruction.

For these reasons the judgment is

*Affirmed.*