813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sherman J. HOLEY, Jr., Appellant,
v.
FRUEHAUF CORPORATION, Appellee,
 No. 86-1550.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1986.
Decided Feb. 13, 1987.
 
 Before WILKINSON and WILKINS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 S. Strother Smith, on brief, for appellant.
 Howard W. Rhodes, Jr. (Rhodes, Jennings & Livingston, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Sherman Holey, a truck driver for Pepsi-Cola, was injured when the tractor trailer he was driving lost its brakes going down a steep mountain grade. Holey subsequently brought this negligence and implied warranty action against Fruehauf, a truck repairer that worked on the trailer six weeks before the accident. The district court granted defendant's motion for summary judgment. We affirm.
 
 
 2
 In February 1981, Pepsi-Cola sent a trailer to Fruehauf for repair of some body damage and a leak in the air brakes. On the repair bill, Fruehauf did not charge Pepsi for any parts or labor relating to the brake system. Six weeks later, Holey drove the trailer from Virginia to Savannah, Georgia to pick up a load of sugar. During the return trip, Holey was seriously injured when the truck crashed as he was descending a steep three-mile grade. Holey claims that the accident was caused by Fruehauf's failure to repair the trailer's brakes.
 
 
 3
 Whether this case involves a negligence action or an implied warranty claim, the standard is the same. Holey can recover only if he shows that the trailer's brakes were in an unreasonably dangerous condition when they left the Fruehauf garage. Logan v. Montgomery Ward & Co., Inc. 219 S.E.2d 685, 687 (1975). A plaintiff's burden of proof in these cases is well-established in Virginia:
 
 
 4
 Negligence cannot be presumed from the mere occurrence of an accident. The burden is on the plaintiff to produce evidence of prepondering weight from which the trier of fact can find that the defendants were guilty of negligence which was a proximate cause of the accident.... It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess, or random judgment, he cannot recover.
 
 
 5
 Hoffner v. Kreh, 313 S.E.2d 656, 658 (Va.1984); Lawrence v. Snyder, 326 S.E.2d 690, 692 (Va.1985).
 
 
 6
 Holey has not met this burden because he has failed to show that a negligent act by Fruehauf caused the accident. He has not introduced any evidence, such as Fruehauf's repair records or testimony of the Fruehauf mechanics, to prove that the defendant did not make the necessary repairs or made them improperly. The brake system could have failed for various reasons, such as a leak in the tractor or trailer air lines, a rupture in the air tank, a leak in the brake fittings, or a problem with the air valves. Any damage to the brakes could have occurred in the six week interval between the Fruehauf repairs and the accident. Having not even examined the trailer after the accident, Holey can not explain how the accident occurred, much less establish a connection between the brake failure and a negligent act of Fruehauf.
 
 
 7
 In sum, Holey's evidence consists of a repair bill with no charge for brake repair and his testimony that the accident was caused by brake failure. Holey has no additional witnesses or evidence to prove the essential elements of negligence and causation. Based on this limited evidence, a jury verdict for Holey would necessarily be based on an impermissible conjecture, guess, or random judgment. The district court properly granted Fruehauf's motion for summary judgment.
 
 
 8
 AFFIRMED.