## CIRCUIT COURT OF FAIRFAX COUNTY

Chau

    v.

Young Il Han

January 4, 1991

Case No. (Law) 93097

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant Young Il Han's motion in limine to exclude any reference to the use of alcoholic beverages prior to the accident which is the subject of this action. Defendant's blood alcohol test, administered after the accident, read 0.00. Defendant acknowledges that he had one bottle of beer before he drove home from work on the afternoon of the accident.

In *Baker v. Taylor*, 229 Va. 66 (1985), the Virginia Supreme Court held that evidence of the quantity of alcohol consumed by the defendant is relevant if the trier of fact can infer that the defendant was either intoxicated or that the defendant's ability to exercise reasonable care was impaired by the alcohol. However, the consumption of a single beer, without more, is not sufficient evidence for the trier of fact to infer that the defendant was intoxicated. *Caldwell v. Parker*, 191 Va. 471 (1950). *Compare Baker*, 229 Va. at 69-70 (evidence that defendant consumed eight or nine bottles of beer in a four-hour period preceding the accident supported inference that defendant was intoxicated); *Beck v. Commonwealth*, 216 Va. 1 (1975) (consumption of seven beers in a period of less than five

hours before the accident supported an inference of intoxication). Furthermore, evidence that the defendant consumed one beer prior to the accident, without more, is not sufficient for the trier of fact to infer that the defendant's ability to operate a motor vehicle with the reasonable care required by law was impaired by the alcohol. *See Baker*, 229 Va. at 70; *Jackson v. Prestage*, 204 Va. 481 (1963).

Evidence of the quantity of alcohol consumed is clearly admissible where additional proof is presented that the defendant's "manner, disposition, speech, muscular movement, general appearance or behavior" were affected by the alcohol. *See Baker*, 229 Va. at 69 (citing the statutory definition of intoxication in Va. Code § 4-2); *Hill v. Lee*, 209 Va. 569 (1969); *Hemming v. Hutchinson*, 221 Va. 1143 (1981). However, the plaintiff in the present case has not identified any evidence he will present that the consumption of a single beer affected the defendant's behavior in any manner.

Thus, the probative value of the evidence in this case is outweighed by the undue prejudice it will have on the defense of this case. Since the evidence does not meet any of the standards for admission set forth in the *Baker* decision, the defendant's motion in limine to exclude any mention of his alcohol consumption is granted.