# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Carrie Drolshagen

v.

James Duncan

November 24, 1998

Case No. 97-138

BY JUDGE EDWARD L. HOGSHIRE

In this personal injury action, the Plaintiff, Carrie Drolshagen, has moved to exclude any evidence of alcohol consumption on the part of herself or of the Defendant, James Duncan. After conducting an evidentiary hearing and reviewing the briefs of the parties, the Court denies the Plaintiff's motion for the reasons more fully stated below.

## Statement of Facts

The Plaintiff, Carrie Drolshagen, was a passenger in a vehicle driven by the Defendant, James Duncan, on January 16, 1997. Duncan was driving Drolshagen home from the club Trax, when his windshield wipers malfunctioned, preventing him from seeing through the nighttime rain. Transcript of Evidentiary Hearing ("Tr.") p. 78. He subsequently crashed the car, causing Plaintiff's injuries. Both parties, however, had been drinking.

After the crash, the responding policeman, Officer Morris, observed that the Defendant had red, watery eyes and a heavy odor of alcohol emanating from him. He also noticed that the Defendant's speech was slurred and that he swayed from side to side. Tr. p. 10. Officer Upman, who accompanied Officer Morris, verified Officer Morris' observations. Tr. p. 20-21. The nurse who treated the Defendant also noticed an odor of alcohol about him and indicated that he was uncooperative. Tr. p. 26. A blood alcohol test performed on the Defendant indicated a Blood Alcohol Content (BAC) of .20, or twice the legal

limit. Tr. p. 38. The Plaintiff acknowledged that she had been drinking as well. Tr. p. 79. She registered a BAC of .13 after the crash. Tr. p. 37-38. Plaintiff had witnessed Defendant drinking earlier in the evening and saw him sitting at a table with a pitcher of beer later in the night but claims that he did not appear intoxicated. Tr. p. 80. She also asked him if he was "okay" to drive, and he responded affirmatively. Tr. p. 77.

The Defendant seeks to introduce evidence concerning the alcohol consumption on this night in order to establish assumption of risk and/or contributory negligence defenses. Plaintiff has moved to exclude any evidence of alcohol consumption, claiming that the Defendant's affirmative defenses fail as a matter of law.

## Question Presented

Should the jury be entitled to consider evidence of alcohol consumption in evaluating the merits of both parties' claims?

## Discussion of Authorities

*Budzinski v. Harris*, 213 Va. 107 (1972), defines the standard for contributory negligence[1] in alcohol-related driving accidents:

> On the other hand, one who knows *or in the exercise of ordinary care should know* that the driver had been drinking intoxicating beverages to such an extent that his ability to drive has been or is likely to have been impaired and voluntarily enters the automobile or continues as a passenger after a reasonable opportunity to leave is contributorily negligent in the absence of exigent circumstances which make such conduct reasonable.

*Id.* at 110. The Supreme Court in *Budzinski* concluded that a jury question was created on the issue of contributory negligence. The defendant in that case consumed alcohol both in and out of the presence of the plaintiff before leaving for a dance. Then the defendant continued to consume alcohol, as did the plaintiff. Ultimately, the defendant crashed the car, killing the plaintiff.

---

[1] The Defendant has also raised an assumption of risk claim. However, since the standard for assumption of risk is more rigorous, this opinion will only evaluate the contributory negligence claim; if the Defendant can create a jury question on contributory negligence, then the jury will be entitled to hear evidence on alcohol.

Witnesses testified that prior to the accident, there was nothing unusual about the defendant's driving. Another witness stated that he could smell alcohol on the defendant's breath but that he was not stumbling and his speech was not slurred. The Supreme Court thus reversed the trial court's grant of a judgment notwithstanding the verdict because the matter was properly presented to the jury.

*Budzinski* illustrates the Supreme Court's practice of holding that conflicting evidence about alcohol consumption generally creates a jury question. About a decade after *Budzinski*, the Supreme Court observed, "Contributory negligence, like negligence and proximate cause, is ordinarily a factual issue for resolution by a jury. The issue becomes one of law, to be decided by a court, only when reasonable minds could not differ concerning the conclusion to be drawn from the evidence." *Virginia & Md. R.R. Co. v. White*, 228 Va. 140, 144-45 (1984). Based on the evidence, the Court held it was properly submitted to the jury:

> There was conflicting evidence whether White may have been under the influence of alcohol. The toxicologist testified that .11% of alcohol in the blood of an average person would cause "impairment of [his] faculties." On the other hand, two witnesses, both of whom had been in White's company immediately prior to the accident, testified that White showed no signs of intoxication. This issue was submitted to the jury, and in view of the conflicting evidence, was a matter within the jury's province.

*Id.* at 146. *White* appears right on point with the facts in this case, where the defense expert will testify to Duncan's intoxication, while the Plaintiff (and possibly the Defendant) will testify that they believed that Duncan was capable of safely operating a vehicle. In addition to *Budzinski* and *White*, other Virginia cases hold that the matter is within the jury's sphere in the face of conflicting evidence. *See, e.g., Meade v. Meade*, 206 Va. 823 (1966) (finding a jury question on contributory negligence where the driver had a BAC of .20% and had been drinking with the plaintiff).

One Virginia case, however, appears to depart from the jury question norm. In *Peters v. Shortt*, 214 Va. 399 (1973), the court sanctioned the trial court's refusal to instruct the jury on contributory negligence. Despite the fact that the driver had a BAC of .13 and a pathologist testified to the effects of alcohol on the body at that percentage, the court nevertheless rejected the contributory negligence argument when the only other evidence of the driver's condition was that he was acting normally. It must be stressed, however, that

the trial court in *Peters* admitted evidence on alcohol consumption, but then it refused to instruct the jury on contributory negligence. So even though this case appears helpful to the Plaintiff's argument in this motion, it does not address the wholesale exclusion of evidence of alcohol consumption. Furthermore, no subsequent Virginia cases have cited *Peters* as authority for either excluding evidence of alcohol consumption or for the refusal to grant the contributory negligence instruction.

One Virginia Supreme Court case cited by the parties does consider the exclusionary question. In *Hoffner v. Kreh*, 227 Va. 48 (1984), the defendant was driving home at 1:30 in the morning and ran over the plaintiff, who was apparently lying in the road. The defendant admitted to having two drinks of Scotch and water, and so the plaintiff attempted to admit that evidence. The court, holding that the evidence was properly excluded, summarized the factual predicate for its ruling:

> We consider first the question of admissibility of evidence of Kreh's consumption of alcohol. There was no evidence that he was not fully alert when Trooper Lyle questioned him immediately after the accident. There was no evidence that there was any odor of alcohol on him at that time or that there was any irregularity in his speech, appearance, or actions. Indeed, at Trooper Lyle's request, Kreh drove his car to a nearby filling station to have the undercarriage examined. A member of the Rescue Squad observed that Kreh was "shaken up" by the accident, but she noticed no "unusual behavior" on his part.

*Id.* at 51-52. *Hoffner* is distinguishable from the case at bar because there is evidence of alcohol on Duncan's breath and of unusual behavior on his part. It should further be noted that Plaintiff has failed to cite any case where the evidence of alcohol consumption was completely excluded in light of conflicting evidence as to whether the driver was intoxicated.

A final case for consideration is *Young v. Lambert*, 253 Va. 237 (1997), which the Plaintiff stresses in her brief. *Young*, however, has no immediate bearing on the exclusion motion because the trial judge struck the contributory negligence defense, and that issue was not appealed. It is unclear why the trial court allowed an instruction on assumption of risk, which demands a greater showing on the defendant's part, while refusing the instruction on contributory negligence. The court reversed based on the lack of "evidence that the plaintiff had knowledge of the existing danger and willingly incurred the risk." *Young* may become relevant later in assessing whether to instruct the jury on assumption of risk, but it is readily distinguishable at this point.

## Conclusion

The alcohol issue is ripe for jury consideration because the facts are conflicting and reasonable minds could disagree. Medical records indicate that Duncan had a BAC of .20, and Dr. Blanke will testify as to what effects that could have on an individual. Testimony from the officers and medical personnel who saw Duncan following the accident note that he smelled of alcohol, had red, watery eyes, had a slightly slurred speech, and had balance problems. Furthermore, the Plaintiff herself witnessed the Defendant consume alcohol prior to the accident. The Plaintiff places great stock in the alternative explanations for Duncan's behavior, but those arguments are properly made to a jury rather than the Court. Based on the general rule that contributory negligence in alcohol-related accidents is a matter for the jury and on the strength of cases such as *Budzinski, White,* and *Meade,* the Plaintiff's motion is denied.