COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


SUSAN J. BUNIVA

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1669-09-2                 CHIEF JUDGE WALTER S. FELTON, JR.
                                                                JUNE 1, 2010
BRIAN L. BUNIVA


                 FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Herbert C. Gill, Jr., Judge

             Michael S. Ewing (Batzli, Wood & Stiles PC, on briefs), for
             appellant.

             Richard L. Locke (Shannon S. Otto; Locke, Partin, DeBoer & Quinn,
             on brief), for appellee.


        Susan J. Buniva ("wife") appeals an order of the Circuit Court of Chesterfield County ("trial

court") awarding wife $4,000 per month in spousal support from Brian L. Buniva ("husband").

Wife contends that the trial court erred in the amount of its spousal support award by (1) refusing to

take judicial notice of federal income tax tables and state income tax rates; (2) excluding evidence

of wife's estimated income tax liability regarding the spousal support award; and (3) refusing to

reopen the record to allow wife to offer additional testimony regarding the income tax consequences

of the spousal support award.  Husband seeks an award of his attorney's fees and costs incurred on

appeal.  For the following reasons, we affirm the judgment of the trial court.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citations omitted).

Husband and wife were married on August 20, 1978, and separated in January 2007. Two children were born of the marriage, both of whom were emancipated at the time of the parties' separation.

On November 3, 2008, wife filed a complaint for divorce in the trial court. The parties entered into a property settlement agreement on March 23, 2009. On March 25, 2009, the trial court heard evidence and argument regarding wife's request for a monthly award of $7,000 in spousal support. At trial, husband objected to wife's proffered income and expense statement that included an estimate for income taxes she would incur if granted her requested amount of spousal support.[1] Wife testified that her accountant calculated she would incur $2,400 in estimated income taxes on a $7,000 monthly spousal support payment. Husband objected to wife's testimony of what her accountant told her as being hearsay, arguing that wife was not an expert in tax law and was not qualified to testify as to what her future income taxes might be on any spousal support awarded. The trial court sustained husband's objection and redacted the $2,400 in estimated income taxes from wife's income and expense statement prior to receiving that document into evidence. At no time during the *ore tenus* hearing or after it was concluded, did wife ask the trial court for a continuance to permit her accountant or other tax expert to testify regarding income tax consequences of any spousal support that might be awarded to her.

---

[1] Husband contended that any income tax consequences of a spousal support award to wife required expert testimony and that wife was barred from offering expert testimony as to those tax consequences because she had not identified an expert prior to trial.

At the conclusion of her case, wife asked the trial court to take judicial notice of the federal income tax tables and state income tax rates contained in Code § 58.1-320. Husband objected, arguing because the federal income tax tables and state income tax rates were irrelevant without expert testimony and without additional information regarding wife's income, the trial court would not know which table or rate to use in calculating wife's income taxes. The trial court sustained the objection, and took the matter of spousal support under advisement.

On April 1, 2009, a week after the trial concluded, wife filed a motion asking the trial court to reopen the hearing record to allow her to present expert testimony on the income tax consequences of any spousal support award to her. On April 3, 2009, after hearing argument on wife's motion, the trial court denied the motion, noting that "[t]here must be some finality in these cases."

The trial court awarded wife $4,000 per month in permanent spousal support, explaining its award in its letter opinion dated April 14, 2009. In that opinion, the trial court reviewed the various Code § 20-107.1(E) support factors, noting, "The parties did not provide any evidence regarding the tax consequences to either party of any award."

The final decree of divorce embodying the spousal support award was entered on July 15, 2009. This appeal followed.

ANALYSIS

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).

I. Motion to Supplement the Record

Wife asserts the trial court erred by refusing to reopen the evidentiary hearing record to permit her to offer expert testimony regarding the expected income tax consequences of her requested spousal support award. We conclude that the trial court did not abuse its discretion in denying wife's motion.

"After a court has concluded an evidentiary hearing 'during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further evidence on this subject.'" Holmes v. Holmes, 7 Va. App. 472, 480, 375 S.E.2d 387, 392 (1988) (quoting Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986)). Accord Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 S.E.2d 437, 439-40 (1998). To establish an "entitlement to a rehearing, a petitioner must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" Holmes, 7 Va. App. at 480, 375 S.E.2d at 392 (quoting Downing v. Huston, Darbee Co., 149 Va. 1, 9, 141 S.E. 134, 136-37 (1927)).

The only grounds presented by wife in support of her motion to present expert testimony, filed a week after the hearing concluded, was that she was under the mistaken impression that the tax consequences of any spousal support award were not in dispute and that husband employed an "obstructionist strategy." At no time before or during the evidentiary hearing did wife seek a continuance to enable her to obtain an expert to testify to the income tax consequences of her requested spousal support. Because wife requested a spousal support award, the burden of proof as to the amount of that award fell to her. Fadness v. Fadness, 52 Va. App. 833, 846, 667 S.E.2d 857, 863 (2008). We conclude that the trial court did not abuse its discretion in refusing to reopen the evidentiary hearing to permit wife to present additional evidence regarding income tax consequences resulting from any spousal support awarded to her.

II. Judicial Notice

Wife also argues the trial court erred in failing to take judicial notice of federal income tax tables and state income tax rates. She asserts the trial court was required to do so by Code § 8.01-386[2] and by failing to take judicial notice of those tables, the trial court erred in not considering the estimated income tax consequences of wife's spousal support award. Husband argued that in the absence of evidence of wife's taxable income, the tax tables and rates were not relevant. The trial court sustained husband's relevancy objection.

The record on appeal fails to support wife's contention that, by taking judicial notice of the federal and state income tax tables, the trial court could have determined the income tax consequences of its award of spousal support. "In order to constitute reversible error, a trial court's ruling 'must be material and prejudicial to the interests of the party complaining of it.'" CSX Transp. v. Casale, 247 Va. 180, 183, 441 S.E.2d 212, 214 (1994) (quoting Taylor v. Turner, 205 Va. 828, 831, 140 S.E.2d 641, 643 (1965)).

Assuming, without deciding, that the trial court erred in failing to take judicial notice of the federal income tax tables and state income tax rates, any such error was harmless. The trial court was not presented sufficient evidence from which it could determine wife's potential tax liability resulting from a spousal support award. Wife was employed part-time. She was taxed on the business income from her counseling business. She owned her home, as well as rental property, and had investment accounts. She failed to offer any evidence showing the amount of her taxable income to which the tax tables or which tax rate might apply. In its letter opinion, the trial court specifically commented on each of the Code § 20-107.1(E) support factors it considered, noting that "[t]he parties did not provide any evidence regarding the tax

---

[2] A trial court is required by statute to take judicial notice of "the law, statutory or otherwise, of this Commonwealth . . . [or] of the United States" where the applicable law is relevant to the proceedings. Code § 8.01-386.

consequences to either party of any award." "[T]he burden of producing evidence from which a trial court can make its award of spousal support falls on the party seeking it." Fadness, 52 Va. App. at 846, 667 S.E.2d at 863. In the absence of adequate evidence specifically related to wife's taxable income and other tax implications, any error by the trial court in failing to take judicial notice of federal income tax tables and state income tax rates was, at most, harmless error. Non-constitutional error is harmless if "it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678.

For the reasons stated, we hold that any error on the part of the trial court in failing to take judicial notice of the wife's proffered federal income tax tables and state income tax rates was harmless.

### III. Exclusion of Estimated Income Taxes

Wife additionally argues that the trial court erred in excluding her estimated income taxes, arising out of her requested $7,000 monthly spousal support, from her income and expense statement as hearsay.[3] Wife testified that her accountant, who did not testify at trial, provided the estimated income taxes for her income and expense statement. Wife argues that her testimony as to what her accountant told her regarding income tax consequences, should not have been excluded as hearsay because her other expenses on that statement were also based on hearsay. Wife's opening brief contains a single citation to a footnote in a previously decided case from this Court in support of her two-page argument that the trial court erred in excluding

---

[3] In its letter opinion, the trial court acknowledged receipt of the income and expense statements provided by the parties, including wife's estimated income taxes of $2,400 on spousal support. It redacted that estimate from her income and expense statement as hearsay.

her estimated income taxes as hearsay.[4] The citation is inapposite to the question presented of whether the trial court erred in excluding wife's estimated income taxes as hearsay.

Rule 5A:20(e) requires appellants to brief the "principles of law, the argument, and the authorities relating to each question presented." Questions "'unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Epps v. Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926-27 (2006) (en banc) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)). In Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Supreme Court concluded that "the Court of Appeals may . . . treat a question presented as waived" if the Court of Appeals determines the "failure to strictly adhere to the requirements of Rule 5A:20(e) is []significant." Accord Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008). "If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention." Fadness, 52 Va. App. at 851, 667 S.E.2d at 866.

Because wife's failure to comply with the mandates of Rule 5A:20(e) is significant, her claim that the trial court erred in excluding her estimated income taxes based on her request for $7,000 monthly in spousal support is waived.

### IV. Attorney's Fees

Husband seeks an award of his attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

---

[4] Wife cites Robbins v. Robbins, 48 Va. App. 466, 484 n.10, 632 S.E.2d 615, 624 n.10 (2006), for the proposition that pursuant to Code § 20-107.1(E) the trial court can "consider" the "estimated needs" of the parties.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996)).  After

considering the record on appeal, we decline to award husband attorney's fees on appeal.

CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court.

Affirmed.