PRESENT: All the Justices

THE LAMAR COMPANY, LLC
                                              OPINION BY
v.    Record No. 130801          JUSTICE DONALD W. LEMONS
                                            APRIL 17, 2014
CITY OF RICHMOND, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge

In this appeal, we consider whether the Circuit Court of the City of Richmond ("circuit court") erred in its decision to affirm the Board of Zoning Appeals' denial of the Lamar Company's request for a variance.

I.  Facts and Proceedings

The Lamar Company, LLC ("Lamar") leases property on Mayo Island at 501 South 14th Street in the City of Richmond from Alan T. Shaia and Wayne T. Shaia ("the Shaias") pursuant to a lease agreement.  A billboard is located on this property that is visible from Interstate 95.  The billboard has been declared illegal in prior litigation because it exceeds the permitted height limitation.  In June 2011, Lamar and the Shaias filed a joint application for a variance with the Board of Zoning Appeals of the City of Richmond ("BZA") to allow the billboard to remain at its existing height.  There is no dispute that if the billboard is lowered to the permitted height it will not be visible from Interstate 95.

The BZA held a hearing on August 3, 2011, to consider Lamar and the Shaias' application for a variance. At the conclusion of the hearing, the BZA denied the requested variance. Lamar and the Shaias then filed appeals to the circuit court, which consolidated their appeals.

After conducting a hearing on the matter, the circuit court issued a letter opinion on January 17, 2013, in which it upheld the BZA's decision to deny the request for a variance. The circuit court issued a final order on February 19, 2013, incorporating its January 17, 2013 letter opinion.

Lamar appealed the circuit court's judgment to this Court, and we awarded an appeal. The Shaias chose not to pursue an appeal in this Court, and the City of Richmond (the "City") filed a motion to dismiss Lamar's appeal for lack of a necessary party.

## II. Motion to Dismiss

In its motion to dismiss, the City asserts that the Shaias are necessary parties to this appeal because they are the landowners. The City relies on Code § 15.2-2314, which states that "[t]he governing body, the landowner, and the applicant" are necessary parties to appeals from the BZA to the circuit court. This statute does not apply, however, to appeals from the circuit court to this Court.

2

We considered the necessary party doctrine in Siska v. Milestone Development, LLC, 282 Va. 169, 715 S.E.2d 21 (2011), and held that the necessary party doctrine does not implicate subject matter jurisdiction. We explained that a court might choose not to exercise its subject matter jurisdiction if a necessary party was missing from a case, and that a necessary party is one whose presence is required for a court to render complete relief in a case. Id. at 177, 181, 715 S.E.2d at 25, 27.

In this case, the Shaias were a party to the proceedings in the BZA and the circuit court. For unknown reasons, the Shaias chose not to pursue an appeal in this Court, and Lamar did not join them as parties in its case. There is no statutory requirement that the Shaias be made a party to this appeal, and it is clear that Lamar can represent the Shaias' interests in this appeal. Code § 15.2-2310 permits tenants to apply for variances, and a proper decree can be entered in this appeal without the Shaias' presence. The motion to dismiss will be denied.

### III. Analysis

#### A. Standard of Review

Whether the circuit court applied the proper standard of review is a question of law. We review pure questions of law de

novo.  See PKO Ventures, LLC v. Norfolk Redev't & Hous. Auth.,
286 Va. 174, 182, 747 S.E.2d 826, 830 (2013).

### B. Standard of Review in the Trial Court

In its third assignment of error, Lamar asserted that the
circuit court erred by applying the "fairly debatable" standard
of review.  In its letter opinion, incorporated into the final
order, the circuit court stated that

> [t]o approve a denial of variance on appeal,
> as here, the court need only find that the
> evidence presented to the Board was
> sufficient to make the question "fairly
> debatable."  [Board of Supervisors] v.
> Southland Corp[.], 224 Va. 514, 522-23[, 297
> S.E.2d 718, 722] (1982).  However, "[t]he
> court may not disturb the decision of a
> board of zoning appeals unless the board has
> applied erroneous principles of law or,
> where the board's discretion is involved,
> unless the evidence proves to the
> satisfaction of the court that the decision
> is plainly wrong and in violation of the
> purpose and intent of the zoning ordinance."
> Board of Zoning Appeals of Alexandria v.
> Fowler, 201 Va. 942, 948[, 114 S.E.2d 753,
> 758] (1960).  No such finding can be made
> under the circumstances here.

The circuit court's letter opinion further stated that "the
BZA determination comes to the court presumed to be correct,
upon judicial review, Cherrystone Inlet v. BZA Northampton
County, 271 Va. 670, 628 S.E.2d 334 (2006), and for the
foregoing reasons, as the Board's decision can be said to be
'fairly debatable,' the outcome must be upheld."

4

In Lamar's first assignment of error, it contends that the standard of review the circuit court should have applied is the standard set out in section 17.24 of the Richmond City Charter. Section 17.24 states that the circuit court may reverse or modify a decision of the BZA if "the decision of the board is contrary to law or that its decision is arbitrary and constitutes an abuse of discretion."

Code § 15.2-2314 also sets out the standard of review that governs decisions by boards of zoning appeals. Code § 15.2-2314 states, in relevant part, that:

> [T]he decision of the board of zoning
> appeals shall be presumed to be correct.
> The petitioner may rebut that presumption by
> showing to the satisfaction of the court
> that the board of zoning appeals applied
> erroneous principles of law, or where the
> discretion of the board of zoning appeals is
> involved, the decision of the board of
> zoning appeals was plainly wrong and in
> violation of the purpose and intent of the
> zoning ordinance.

In Martin v City of Alexandria, 286 Va. 61, 69, 743 S.E.2d 139, 142 (2013), we applied the standard of review contained in the Alexandria City Charter, and found that the standard of review in the Alexandria City Charter was in effect the same standard of review contained in Code § 15.2-2314. The standard of review in the Alexandria City Charter is identical to the standard of review contained in section 17.24 of the Richmond City Charter. Accordingly, we find no significant difference

5

between the standard of review contained in the Richmond City Charter and that set forth in Code § 15.2-2314.

Lamar is correct that the circuit court applied an incorrect standard of review. The "fairly debatable" standard is the standard of review that a court applies when a governing body acts in a legislative capacity, such as when it adopts a zoning ordinance or grants a special use permit. See Board of Supervisors v. Southland Corp., 224 Va. 514, 522-23, 297 S.E.2d 718, 722 (1982). It is not the proper standard of review to apply when considering a board of zoning appeals' decision to deny a request for a variance. The proper standard of review to apply is the standard articulated in Code § 15.2-2314 and Richmond City Charter § 17.24.

## IV. Conclusion

Accordingly, we hold that the circuit court erred by applying an improper standard of review. We remand the case to the circuit court for further proceedings wherein the trial court is directed to apply the standard of review as articulated in Code § 15.2-2314 and Richmond City Charter § 17.24. Based upon our resolution of the third assignment of error, we need not address the remaining assignments of error.

Reversed and remanded.

CHIEF JUSTICE KINSER, concurring.

I fully agree with the analysis and conclusion of the majority. I write separately, however, to address the dissent's belief that the circuit court's application of the wrong standard of review was harmless error.

According to the dissent, the circuit court's application of the incorrect standard of review was harmless error because in its letter opinion, the circuit court also cited the proper standard of review contained in Code § 15.2-2314. Therefore, the dissent reasons, the circuit court's "additional application of the incorrect 'fairly debatable' standard did not impact its ultimate resolution of the case."

When a jury is given a correct instruction and a conflicting, incorrect instruction on the same point of law, we have held that the verdict must be set aside "because it is impossible to determine which instruction was the basis for the jury's decision." Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 536, 636 S.E.2d 416, 426 (2006). The same analysis applies here. Contrary to the dissent's conclusion, it is not possible to determine which standard of review was the basis for the circuit court's decision and what impact the "fairly debatable" standard had on the court's analysis. In the passage quoted by both the majority and the dissent, the circuit court cited both the fairly debatable standard and the correct standard under

7

Code § 15.2-2314.  But as the majority notes, the circuit court then concluded its analysis by stating that the decision of the Board of Zoning Appeals "can be said to be 'fairly debatable.'"

It is not at all clear, therefore, that the circuit court reached its decision by applying the proper standard of review. Stated differently, "it is impossible to determine which [standard of review] was the basis for the [court's] decision," and it cannot be said that "it is clear that the [court] was not misled" by its application of the wrong standard.  Riverside, 272 Va. at 536-37, 636 S.E.2d at 426.  Accordingly, the circuit court's judgment must be reversed and this case remanded so the court can apply the proper standard of review.

For these reasons, I respectfully concur.


JUSTICE McCLANAHAN, with whom JUSTICE GOODWYN joins, dissenting.

I dissent because I believe that the trial court's application of the "fairly debatable" standard of review was harmless error.

We have held that "'[u]nder the doctrine of harmless error, we will affirm the circuit court's judgment when we can conclude that the error at issue could not have affected the court's result.'" Northam v. Virginia State Bar, 285 Va. 429, 445, 737 S.E.2d 905, 913-14 (2013) (quoting Forbes v. Rapp, 269 Va. 374, 382, 611 S.E.2d 592, 597 (2005)).  Furthermore, "in order to

8

constitute reversible error the ruling of the trial court must be material and prejudicial to the interests of the party complaining of it." Taylor v. Turner, 205 Va. 828, 831, 140 S.E.2d 641, 643 (1965).

In the portion of its letter opinion expressly incorporated into the final order of February 19, 2013, the circuit court described the applicable standard of review as follows:

> To approve a denial of variance on appeal, as here, the court need only find that the evidence presented to the Board was sufficient to make the question "fairly debatable." Fairfax County v. Southland Corporation, 224 Va. 514, 522-23 (1982). However, "[t]he court may not disturb the decision of a board of zoning appeals unless the board has applied erroneous principles of law or, where the board's discretion is involved, unless the evidence proves to the satisfaction of the court that the decision is plainly wrong and in violation of the purpose and intent of the zoning ordinance." Board of Zoning Appeals of Alexandria v. Fowler, 201 Va. 942, 948 (1960). No such finding can be made under the circumstances.

(emphasis added).

The proper standard of review in this case is contained in Code § 15.2-2314, which establishes that a petitioner may rebut the presumption that a BZA decision is correct by showing that "the board of zoning appeals applied erroneous principles of law, or where the discretion of the board of zoning appeals is involved, [that] the decision of the board of zoning appeals was plainly wrong and in violation of the purpose and intent of the zoning ordinance." Code § 15.2-2314. This is the same standard

of review applied by this Court in Fowler, which was cited by the circuit court here.

Although the circuit court erred by citing the incorrect "fairly debatable" standard, it also stated that "no such finding [could] be made" that the board committed an error of law or that its decision was "plainly wrong and in violation of the purpose and intent of the zoning ordinance." (Quoting Fowler, 201 Va. at 948); Code § 15.2-2314. Because the circuit court explicitly held that it could not reverse the BZA's decision under the correct standard of review, its additional application of the incorrect "fairly debatable" standard did not impact its ultimate resolution of the case.[*] Therefore, Lamar was not prejudiced by the ruling below, and I would affirm the circuit court's decision.

---

[*] The issue presented by this case is not, as the concurrence suggests, analogous to a situation where a jury is presented with both a correct and an incorrect instruction on the same point of law. In that situation it is "impossible to determine which instruction was the basis for the jury's decision," Riverside Hospital, Inc. v. Johnson, 272 Va. 518, 536, 636 S.E.2d 416, 426 (2006), because a jury does not explain its reasoning and appellate courts have no access to jury deliberations. In contrast, the circuit court here has explained its reasoning in a written opinion, which plainly stated that it could not reverse the BZA's decision under either the incorrect or the correct standard of review.

10