# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## MORRIS v. DEANE & OTHERS.

### April 15, 1897.

1. APPELLATE PROCEEDINGS—*Error to the county court—Bill of exceptions.*—
Where a case is taken from a county court to a circuit court on a writ of
error, it is unnecessary to take any bill of exceptions to the action of the
circuit court. As that court hears the case on the record, if there be
error in its rulings, the record will disclose it.
2. UNLAWFUL DETAINER—*Declarations in the judgment as to title.*—The only
matter in issue in an action of unlawful detainer being the right of
possession, the declaration by the county court in its judgment that the
defendant had the fee-simple title to the land cannot prejudice the
rights of the parties in any proceeding involving the title.

Error to a judgment of the Circuit Court of Greene county,
rendered November 11, 1893, reversing the judgment of the
County Court of said county, pronounced in an action of un-
lawful detainer wherein the defendants in error were the plain-
tiffs, and the plaintiff in error was the defendant.

*Reversed.*

Upon the trial in the County Court all matters of law and
fact were submitted to the court which rendered judgment for
the defendant. To the opinion and judgment of the court the
plaintiffs excepted, and spread all of the evidence on the
record by a proper bill of exceptions for that purpose. A
writ of error was thereupon sued out from the Circuit Court
for Greene county, which heard the case on the record made
in the County Court, and reversed the judgment of that court.
To the judgment of the Circuit Court this writ of error was
awarded.

*John E. Roller*, for the plaintiff in error.

*Beverly T. Crump* and *R. S. Thomas*, for the defendants in error.

HARRISON, J., delivered the opinion of the court.

This action of unlawful detainer was tried in the County Court, all matters of law and fact being submitted to the court for its judgment, and, on a regular bill of exceptions embodying the evidence, was taken by writ of error to the Circuit Court, and from that court brought by writ of error to this.

The court is of opinion that the contention of the defendant in error, here, that the case should be dismissed because no exception was taken to the judgment of the Circuit Court is not tenable.   There was no necessity for a bill of exceptions to the judgment of the Circuit Court.   That court reviewed the judgment of the County Court on writ of error, and could look at nothing except the record of the County Court brought up on the writ, and if the Circuit Court erred in its judgment, the error appears by the record of that court without any bill of exceptions.

The court is further of opinion that the plaintiffs in the County Court wholly failed to show that they were entitled to the possession of the land in controversy, and therefore that court did not err in giving judgment in favor of the defendant.   The only matter in issue, however, was the right of possession, and therefore the declaration by the County Court in its judgment that the defendant held the fee-simple title, cannot prejudice the rights of the parties in any proceeding involving the title to said land.

The court is further of opinion that the Circuit Court erred in reversing the judgment of the County Court, and in giving judgment for the plaintiffs.

For the foregoing reasons, the judgment of the Circuit Court must be reversed and set aside, and this court will enter such judgment as said Circuit Court should have entered.

*Reversed.*