Richmond

## MICHAEL B. HEMMING

### V.

## JOHN C. HUTCHINSON

April 24, 1981.

Record No. 791025.

Present: All the Justices.

*James E. Haluska* (*Carr, Jordan, Coyne & Savits,* on briefs), for appellant.

*James Kearney* (*Miller, Miller & Cyron,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this action seeking damages for personal injuries arising out of an automobile accident, we consider whether the trial court erred in permitting the jury to consider evidence that the defendant, Michael B. Hemming, had consumed two or three beers the night before the accident. Hemming appeals from a $15,000 verdict and judgment in favor of the plaintiff, John C. Hutchinson.

We will first briefly summarize the evidence, exclusive of that challenged in this appeal. At approximately 7:50 a.m., on June 15, 1977, Hutchinson, while driving his automoible westbound on Westmoreland Drive in Fairfax County, was struck by an automobile, operated by Hemming, traveling in the opposite direction. The undisputed evidence indicated that Hemming crossed the center line of the highway prior to the collision. Hemming testified that the last thing he remembered before the accident was turning onto Westmoreland Drive from Chain Bridge Road (a distance of one to one and one-half miles from the accident scene).

On July 26, 1977, while at his home, Hemming again lost consciousness. He sought medical assistance, and, while in the hospital, on July 29, 1977, he "blacked out" for a third time. He was thoroughly examined and tested, and, as a result, a neurosurgeon testified at trial that Hemming had suffered an epileptic seizure just prior to the accident, and that it was the first seizure he had ever experienced.

The investigating police officer arrived at the scene shortly after the accident. He observed that Hemming appeared to be "dazed and disoriented," which he attributed to the physical trauma produced by the collision. Despite being as close to Hemming as six inches, the officer testified that he detected no odor of alcohol on Hemming's breath and that he showed no signs of intoxication in the way he walked.

Knowing of this factual background, Hemming made a motion *in limine,* prior to opening statements, to exclude the introduction of evidence that Hemming had consumed two or three beers on the evening prior to the accident. The trial court overruled this motion.

On cross-examination, Hemming testified that he had attended a dinner party the evening before the accident and had consumed two or three beers between 7:00 and 8:00 p.m. Further cross-examination of Hemming followed:

Q Is it your testimony that you didn't have anything to drink after 8:00 o'clock?

A There is a slight possibility that I might have had a beer, one beer.

Q Do you remember stating on March 15th, in response to my question, "Is that the only alchohol [sic] you consumed that night," you answered, "As far as I can remember, yes."

Question: "After 8:00 o'clock, you didn't consume any other alchoholic [sic] beverages?"

Answer: "As far as I can recall, yes."

Now you are saying there is a possibility you did have more beer?

A There is a chance I might have had one more.

Q Is there a chance you might have had two more?

A No, sir.

Q In fact, you had a considerable amount to drink that night, didn't you?

A Pardon?

Q In fact, you had a considerable amount to drink that night, didn't you?

A No, sir.

Q Other than the one more beer that you might have had from 8:00 to 1:00 a.m., you didn't drink anything, is that correct?

A I did not drink any more after that, yes.

At another point in the cross-examination of Hemming, while questioning him about a soft drink Hemming had purchased the morning of the accident, Hutchinson's counsel asked, "In fact, you were getting a Pepsi because you had a hangover, isn't that correct? . . . You had that Coke to clean out the cotton mouth because you had a hangover, isn't that correct?" Hemming responded, "No, sir."

We have, in numerous cases, set forth the requisites that must

be satisfied before evidence of intoxication properly comes before a jury for its consideration. The mere odor of alcohol on a person's breath is not evidence of negligence, *Burks* v. *Webb,* 199 Va. 296, 305, 90 S.E.2d 629, 636 (1957), and it is insufficient to prove intoxication. *Laughlin* v. *Rose,* 200 Va. 127, 134, 104 S.E.2d 782, 787 (1958); *Basham* v. *Terry,* 199 Va. 817, 821, 102 S.E.2d 285, 288 (1958). Therefore, when the evidence indicates nothing more than the "mere odor" of alcohol, such evidence must be excluded.

On the other hand, the issue of intoxication is properly admitted when there are other circumstances present, such as evidence showing that the person's "manner, disposition, speech, muscular movement, general appearance or behavior" is affected. *Hill* v. *Lee,* 209 Va. 569, 572, 166 S.E.2d 274, 276 (1969); *Oliphant* v. *Snyder,* 206 Va. 932, 935, 147 S.E.2d 122, 125 (1966); *Jackson* v. *Prestage,* 204 Va. 481, 484, 132 S.E.2d 501, 504 (1963); *Bogstad* v. *Hope,* 199 Va. 453, 458, 100 S.E.2d 745, 748 (1957). The factors listed are those set out in Code § 4-2(14).

In the present case, there was no evidence tending to prove Hemming's intoxication. He did not have even the "mere odor" of alcohol on his breath. The alcohol he drank (approximately three beers) was consumed at least seven hours before the accident.

Hutchinson contends that the evidence of alcohol consumption was properly admitted so that Hemming could be impeached by his prior "inconsistent" statement. However, this method of impeachment can be used only as to matters that are relevant to the case, *Baltimore, Chesapeake and Atlanta Railway Company* v. *Hudgins,* 116 Va. 27, 32, 81 S.E. 48, 49 (1914); *New York, Philadelphia and Norfolk Railroad Company* v. *Kellam,* 83 Va. 851, 860, 3 S.E. 703, 707 (1887), and, as we hold above, the issue of alcohol consumption is irrelevant.

Since he was in Hutchinson's lane of travel at the time of impact, Hemming was *prima facie* negligent, and thus had the burden of going forward and producing evidence which would satisfy the jury that the collision was not caused by his negligence. *Riley* v. *Harris,* 211 Va. 359, 362, 177 S.E.2d 630, 633 (1970). He produced evidence of a sudden illness. The trial court's admission of evidence purportedly showing Hemming's intoxication when there was insufficient evidence supporting such a contention was prejudicial error.

Consequently, the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*