## CIRCUIT COURT OF CARROLL COUNTY

Daniel E. Poff, Jr.

v.

Grace Rector

May 18, 1990

Case No. (Law) 3617

By JUDGE DUANE E. MINK

I have given further consideration to the Motion in Limine presented to me in the above-referenced case.

There are several cases of interest which touch upon the issue of the admissibility of evidence concerning intoxication to guide the Court in its decision. There are those cases involving the mere odor of alcohol, such as *Hemming v. Hutchinson*, 221 Va. 1143, 1146 (1981). In that particular case, there is no evidence tending to prove Hemming's intoxication. "He did not even have the 'mere odor' of alcohol on his breath. The alcohol he drank (approximately three beers) was consumed at least seven hours before the accident." The Court held that consumption of alcohol was irrelevant to the proceedings. Similarly, in the case of *Hoffner v. Kreh*, 227 Va. 48, 51 (1984). In that case, Mr. Kreh had consumed two drinks of scotch and water over a three-hour period preceding the accident. There again, there was no evidence that there was any odor of alcohol or that there was any irregularity in his speech, appearance, or actions. Again, the Court held that consumption of alcohol was irrelevant to the proceedings and properly excluded. In the case of *Baker v. Taylor*, 229 Va. 66, 69 (1985), the Court held that the mere odor rule did not apply "where evidence shows that the consump-

tion of alcohol has affected the person's 'manner, disposition, speech, muscular movement, general appearance, or behavior.' These factors are listed in a statutory definition of intoxication contained in Code § 4-2(14) and applied in some of our decisions." (Cites omitted.) The Court continued "[n]either does the 'mere odor' rule apply where the quantity of alcohol consumed and the relative time of its consumption are sufficient to raise an inference of intoxication. [Cites omitted.] Nor does the rule have application where, although the quantity of alcohol consumed may not be sufficient to cause a person's intoxication in a strict penal sense, it 'may be sufficient to impair his capacity to perceive the dangers with clarity, make the decisions with the prudence, and operate the vehicle with the skill and caution required by law'." In that case, Taylor had consumed four to five twelve-ounce bottles of beer and part of a glass of wine at a picnic. On his return trip from the picnic site to his home, he was involved in the accident in question. The Court held that the evidence of consumption of alcohol was admissible and sufficient to support a jury instruction on either intoxication or lack of control induced by alcohol. The last case of interest reviewed by the Court was *Harrell v. Woodson*, 233 Va. 117 (1987), wherein the Court held that it was improper to exclude the fact that the defendant had consumed four cans of beer prior to the accident, inasmuch as that was sufficient to raise an inference of intoxication or impaired capacity.

It would appear that in this case we have a two prong test to resolve on the admissibility of the evidence concerning consumption of alcohol or the issue of intoxication or impaired capacity. The first element is with regard to the amount of alcohol consumed prior to the accident. The plaintiff's evidence is that he consumed less than two beers prior to the accident in question. Neither party as an eye witness account to confirm or contradict the plaintiff's statement as to the amount of alcohol that he consumed within a reasonable time prior to the accident. Over the objection of the defendant, I will consider the result of the post accident E.T.O.H. result of .0259. It is my understanding that under that type of test, a result of .25% is the same as a .02 B.A.C. test. The nurse testified that the patient's arm is cleaned with soap and water

prior to the extraction of the blood sample. Then the blood is tested on the premises. For the purposes of Wednesday's hearing, we did not have all of the customary foundation which would assure the accuracy of the test, but absent any evidence which would reflect an inaccuracy in the test, I think that it is probative of the fact that the plaintiff consumed a small amount of alcohol. In a person weighing approximately 180 pounds, I believe that one beer would register .02 B.A.C. Therefore, under the foregoing case law, the plaintiff has not consumed enough alcohol to raise an inference of intoxication or impaired capacity.

The second criteria for consideration under the case law is to inquire whether there are other circumstances present, such as evidence showing that the person's manner, disposition, speech, muscular movement, general appearance, or behavior is affected. *Hemming v. Hutchinson*, 221 Va. 1143 at 1146. In this case, the other elements include statements by the arresting officer that there was a strong odor of alcohol, slurred speech, red eyes, and the plaintiff was belligerent. The only corroboration was by the emergency room nurse who testified that the plaintiff smelled strongly of alcohol. The question of the red eyes is readily explained by the nature of the injuries suffered by the plaintiff in the accident. According to Dr. King's letter of May 17, 1989, the plaintiff suffered a fracture of the nasal bones at the root of the nose or the radix. The plaintiff further testified that he suffered a laceration near his left eyelid or eyebrow. Of the remaining indicia of intoxication, the officer and nurse both categorized the odor of alcohol as being strong. The belligerent attitude reported by the police officer was not corroborated by the emergency room nurse. He did admit on cross-examination that the attitude surfaced when the plaintiff was advised that he was going to be charged with driving under the influence. The officer further testified that the plaintiff's speech was slurred, but the nurse had no independent recollection, nor any notation to that effect. There is no indication of erratic driving other than the fact that the defendant's memorandum indicates that in the defendant's opinion, the plaintiff accelerated causing his vehicle to collide with the defendant's.

All of the foregoing would, of course, address some of the matters that a jury could consider in its efforts to determine whether or not the defendant was intoxicated or impaired at the time he operated the vehicle. The definition set forth in § 4-2 of the Code of Virginia is a follows: "Intoxicated means any person who has drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior as to be apparent to observation shall be deemed to be intoxicated." In this case, there is no evidence concerning the plaintiff's general appearance or his muscular movement. There was no evidence that his clothing was in disarray, nor were any sobriety tests given to check his muscular movements, his ability to walk, or his coordination. With reference to his manner, disposition, speech or behavior, the nurse did not have any specific recollection or any notations concerning any of those conditions except as to the odor of alcohol and, of course, she was in a position to observe the plaintiff while he was at the hospital. Therefore, even though the investigating officer made a notation of these elements, it was not so obvious that it impacted the nurse to require a notation on her records, nor to the point that she had any independent recollection.

In two of the cases which I have reviewed, the Court has held in one case that four to five bottles of beer and some wine within a four-hour period preceding the accident, as well as seven beers in a five-hour period preceding the accident is sufficient to raise an inference of intoxication or impaired capacity. In this particular case, I am of the opinion that the plaintiff's statement that he consumed less than two beers is corroborated by the blood alcohol test and that amount is insufficient to create a jury issue upon the question of intoxication or impaired capacity. In addition, the Court is of the opinion that the evidence pertaining to the other indicia of intoxication is insufficient to raise more than a mere suspicion alcohol may have affected plaintiff's capacity to control his vehicle would lead the jury into the realm of speculation. Therefore, it would be of little probative value and highly prejudicial.

Accordingly, the motion to exclude any reference to the alcohol is granted.