# CIRCUIT COURT OF FAIRFAX COUNTY

Paul Park

v.

Michael Robinson

July 30, 1998

Case No. (Law) 164003

BY JUDGE STANLEY P. KLEIN

This cause is before the Court on defendant Michael Robinson's Motion *in Limine*. Specifically, Robinson seeks to exclude evidence relating to his alleged consumption of an alcoholic beverage preceding an automobile accident with plaintiff Paul Park. For the reasons set forth below, the Court agrees with Robinson and the Motion *in Limine* is granted.

## I. *Background*

Based on the allegations contained in the Motion for Judgment, Park asserts that on January 1, 1997, at approximately 1:15 a.m., Robinson negligently veered his vehicle onto the shoulder of Interstate 495 in Fairfax County, colliding with Park's automobile. Just prior to the accident, Park had apparently pulled his vehicle onto the shoulder to check under the car for possible debris from the road which he suspected had become lodged while driving. This case was filed as a result of that accident.

Robinson asks that this Court preclude Park from introducing, at trial, evidence regarding Robinson's alleged consumption of one beer at approximately 12:00 a.m. on January 1, one hour and fifteen minutes before the accident occurred. In support of his motion, Robinson asserts that the Virginia Supreme Court has specifically precluded the introduction of

evidence regarding alcohol consumption to support an inference of intoxication, except under certain circumstances. According to Robinson, the facts of this case simply do not warrant such an inference because the only evidence which could support that inference is Robinson's statement that he drank one beer.

Park responds by arguing that Robinson's consumption of one beer is probative as to the issue of negligence. Park contends that the jury is entitled to hear whether Robinson consumed any alcoholic beverages before the accident in question, especially given the nature of the incident, and the time and date of its alleged occurrence, the morning following New Year's Eve. In addition, Park argues that the Court should not rule on the admissibility of Robinson's alleged consumption at this time because the Court has not yet heard the testimony of either the investigating police officer or the paramedic who treated Robinson, both of whom Park asserts may be able to offer evidence of intoxication. The Court disagrees with Park.

## II. *Motions in Limine*

The Court rejects Park's contention that a ruling on Robinson's Motion *in Limine* is premature. Although a Virginia trial court's authority to decide motions *in limine* in a civil case is not derived from either statute or rule, motions *in limine* have long served a salutary purpose in the litigation process. *Harward v. Commonwealth*, 5 Va. App. 468, 474 (1988) (motions *in limine* "serve worthwhile functions of narrowing issues, preventing trial delay, avoiding expense, and promoting judicial efficiency"); Guernsey, *Virginia Evidence*, § 2-10 (1992). While the appropriate scope of matters to be considered *in limine* and the effect of a court's pretrial *in limine* ruling on the admissibility of evidence at trial have not been addressed by the Virginia Supreme Court, the Court has discussed motions *in limine* in numerous decisions. *See, e.g., W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384-85 (1996); *Jenkins v. Payne*, 251 Va. 122, 130 (1996); *Huffman v. Love*, 245 Va. 311, 317-18 (1993) (Whiting, J. dissenting); *Goins v. Wendy's International, Inc.*, 242 Va. 333, 335-36 (1991).

Courts are generally presented with three different categories of evidentiary issues when considering motions *in limine*: (1) issues that cannot be ruled on pretrial (*see, e.g., Parker v. Elco Elevator Corp.*, 250 Va. 278, 281 (1995) (reversible error to preclude party tendering an expert witness from establishing the expert's qualifications during voir dire at trial)); (2) issues that can be conclusively determined before trial (e.g., polygraph evidence; alleged ambiguity of a contract); and (3) issues that should be ruled on pretrial,

preferably after the close of discovery, so that (a) the parties can reserve their trial preparation resources for matters that will be admissible at trial, and (b) trial judges can insulate juries from inadmissible and prejudicial evidence (e.g., prior bad acts; post-incident remedial repairs) during opening statements and the examination of witnesses before the court has an opportunity to rule on the admissibility of such evidence. This Court holds that if the evidentiary considerations before the trial court fall into either the second or third category, the court should rule on the motion pretrial so as to prevent prejudice, promote judicial economy, and reduce the expenses of the parties and prospective witnesses. When appropriate, a court should state in its order that the ruling is intended to be absolutely determinative at trial. In those cases where, based upon the proffers of counsel at a pretrial hearing, a judge believes that certain evidence will be inadmissible and prejudicial but should be subject to potential review by the trial judge upon consideration of the evidence actually presented at trial, the court should enter an order precluding the party tendering the evidence from mentioning the evidence in the party's opening statement or seeking to elicit testimony concerning the evidence without the express permission of the judge at trial. With these principles in mind, the Court must consider the proffered evidence of alcohol consumption in this case.

### III. *Admissibility of Alcohol Consumption*

The mere odor of alcohol on one's breath is, in and of itself, insufficient to support a finding of intoxication. *Hill v. Lee*, 209 Va. 569, 572 (1969). The Virginia Supreme Court has, however, set forth the circumstances under which a party may introduce evidence of alcohol consumption to support an inference of intoxication. Specifically, such evidence may be admissible where: (1) other evidence shows that alcohol may have impaired the person's manner, disposition, speech, muscular movement, or general appearance or behavior; or (2) the quantity of alcohol consumed and the relative time of its consumption are sufficient to raise an inference of intoxication; or (3) the quantity of alcohol consumed may be sufficient to impair the person's judgment. *Baker v. Taylor*, 229 Va. 66, 69-70 (1985); *see also, Hoffner v. Kreh*, 227 Va. 48, 51-52 (1984); *Hemming v. Hutchinson*, 221 Va. 1143, 1145-46 (1981). In *Hemming*, the Supreme Court held that evidence concerning the defendant's consumption of two or three beers during the evening prior to the incident in question was improperly admitted over defendant's objection because there was "no evidence tending to prove [defendant's] intoxication." *Hemming*, 221 Va. at 1146; *cf. Harrell v. Woodson*, 223 Va. 117, 123 (1987) (evidence that defendant had consumed

four beers within a forty-five minute period, which ended three and one-half hours before the incident, was appropriately admitted because the jury could reasonably infer that the defendant's judgment was impaired).

In the present case, there is no evidence, beyond Robinson's alleged admission that he drank one beer at midnight, to support an inference of intoxication. Indeed, Park has not proffered any evidence, through depositions or otherwise, other than the occurrence of the accident, that suggests Robinson's judgment was impaired on the morning of January 1, 1997. Although discovery was completed in this case over two weeks before the hearing on the instant motion *in limine*, counsel for Park nonetheless was unable to proffer any proposed testimony of either the investigating officer or the paramedic who treated Robinson that would support an inference of Robinson's alleged intoxication. In light of the binding precedent of the Virginia Supreme Court, this Court holds that evidence regarding Robinson's alleged consumption of one beer prior to the accident is inadmissible, absent additional evidence of intoxication.

## IV. *Conclusion*

As counsel for plaintiff was unable to proffer the substance of any additional admissible evidence that might suggest intoxication, the Motion *in Limine* is granted. Plaintiff shall not mention the issue of alcohol consumption in his opening statement nor attempt to elicit any such information from any witness at trial without the prior express authorization of the trial judge.