UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

In Re: DEANNA NICHOLS BOSWELL,
Debtor.

DEANNA NICHOLS BOSWELL,
Plaintiff-Appellant,

v.                                                No. 99-2568

BLUE RIDGE BANK,
Defendant-Appellee,

and

RODNEY G. CROWGEY, Trustee,
Trustee-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-99-140, BK-98-445)

Submitted: October 24, 2000

Decided: November 16, 2000

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

COUNSEL

Deanna Nichols Boswell, Appellant Pro Se. Leisa Kube Ciaffone,
Howard J. Beck, Jr., GENTRY, LOCKE, RAKES & MOORE, Roa-

noke, Virginia; John Glenwood Strickler, Roanoke, Virginia; Rodney G. Crowgey, Christiansburg, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Deanna Nichols Boswell, a debtor under Chapter 11 of the Bankruptcy Code, filed an adversary action in the bankruptcy court seeking to set aside the foreclosure sale of her property to Blue Ridge Bank (Bank). In an order dated October 6, 1998, the bankruptcy court struck a number of paragraphs from Boswell's complaint. These paragraphs challenged the propriety of the foreclosure sale. Subsequently, the bankruptcy court granted the Bank's motion to dismiss the complaint based on collateral estoppel. Specifically, the court determined that the issues were previously decided in the Circuit Court of Floyd County in a detainer action filed by the Bank to obtain possession of the property following its purchase of title at the foreclosure sale.

The district court affirmed the bankruptcy court's determination that the doctrine of collateral estoppel precluded the relitigation of the propriety of the foreclosure sale and the validity of the title, which issues were previously determined by the Circuit Court of Floyd County, Virginia. Following the district court's denial of her motion for reconsideration, Boswell noted her appeal to this court.

On appeal, Boswell contends that the lower courts erred in (1) giving preclusive effect to the state court's decision and barring the bankruptcy court from considering her challenges to the title to the property and (2) in determining that her claims concerning the propriety of the foreclosure sale were not preserved for appeal. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

2

I. <u>Collateral Estoppel</u>

In the Circuit Court for Floyd County, in defense to the unlawful detainer action that the Bank filed to obtain possession of Boswell's residence, Boswell filed an affidavit of defense in which she asserted challenges to the validity of the foreclosure sale and to the deed. The Circuit Court found that the Bank "acquired title to the Premises by deed dated July 17, 1997." The court then issued a writ of possession in favor of the Bank and required Boswell to pay rent to the Bank.

In her complaint in the bankruptcy court, Boswell challenged the validity of the foreclosure sale and the deed. The bankruptcy court found that the validity of the Bank's title was decided by the state court and that collateral estoppel barred the relitigation of these claims. In so holding, the bankruptcy court stated:"[i]mplicit in any finding of entitlement to possession in an unlawful detainer action is a finding by the court of title in the party seeking possession." The bankruptcy court's determination is contrary to Virginia law.

A judgment of possession in an unlawful detainer action is a determination only of the right to immediate possession of the property; it does not determine title to the property or any other issue in controversy with respect to the property. <u>See Davis v. Mayo</u>, 82 Va. 97, 1886 WL 2979, *1 (1886); <u>Olinger v. Shepherd</u>, 53 Va. (12 Gratt.) 462, 1855 WL 3484, *5 (1855). Rather, "[n]o judgment in an action brought [for unlawful detainer] shall bar any action of trespass or ejectment between the same parties, nor shall any such judgment or verdict be conclusive, in any such future action, of the facts therein found." Va. Code Ann. § 8.01-130 (Michie 2000). In <u>Morris v. Deane</u>, 27 S.E. 432, 432 (Va. 1897), the Virginia Supreme Court, in upholding the county court's judgment for the defendant in an unlawful detainer action stated, "[t]he only matter in issue, however, was the right of possession, and therefore the declaration by the county court in its judgment that the defendant held the fee-simple title cannot prejudice the rights of the parties in any proceeding involving the title to said land." <u>Id.</u> More recently, the Circuit Court of Virginia, citing § 8.01-130, refused to apply collateral estoppel to bar the litigation of a claim under the Virginia Fair Housing Act, following the court's directive to the plaintiff to deliver possession of property to the defendant where the plaintiff had not paid rents due. <u>See Allen v.</u>

3

<u>Seventy-Seven Acres</u>, No. CH-98-11532, 1999 WL 199665, *3-*4 (Va. Cir. Ct. Mar. 24, 1999). In sum, a judgment in an unlawful detainer action does not address matters of title, and, even if the court does make a determination of title, such determination is not given preclusive effect in a later proceeding. <u>See Morris</u>, 27 S.E. at 432.

Accordingly, we find that the bankruptcy court erred in applying collateral estoppel to give preclusive effect to the state court's finding that the Bank acquired title to the property and barring Boswell's challenges to the validity of the title.

II. <u>Bankruptcy Court's October 6, 1998 Order</u>

Boswell's notice of appeal specified that it was taken from the bankruptcy court orders entered "on the 12th & 27th day of January, 1999 and the denial of her motions to amend dated 10/16/98 and 1/22/99." She attached copies of the bankruptcy court's orders of October 6, 1998, January 12, 1999, and January 27, 1999. Although Boswell's designation of the issue and her appeal brief asserted issues related to the October 6, 1998, bankruptcy court order, the district court stated, "[t]hat order is not the subject of the present appeal."

Generally, an appeal from a final judgment brings into question all previous rulings that lead to the final judgment. <u>See McLaurin v. Fischer</u>, 768 F.2d 98, 101 (6th Cir. 1985). However, the appellant can limit review by specifying in the notice of appeal the orders being appealed. <u>See Gunther v. E.I. Du Pont de Nemours & Co.</u>, 255 F.2d 710, 717-18 (4th Cir. 1958).

Here, Boswell stated in her notice of appeal to the district court that she intended to appeal from the bankruptcy court order of October 16, 1998. She enclosed the order dated October 6, 1998, and, in her designation of the issues, she expressed challenges to the bankruptcy court's October 6, 1998, order. We find that Boswell intended to appeal from the October 6, 1998, order. Further, by raising challenges to the October 6, 1998, order in her statement of the issues and in her appeal brief filed in the district court, we find that Boswell preserved these challenges. Therefore, the district court erred in stating that October 6, 1998 "order is not the subject of the present appeal."

4

III.

Accordingly we grant Boswell's motion for leave to proceed in forma pauperis, vacate the district court orders, and remand this case to the district court for further proceedings in light of this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

5