UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FLOYD FRANCIS,
　　　*Plaintiff-Appellant,*

v.

JENNIE BARRICK INGLES,
　　　*Defendant-Appellee.*

No. 00-1667

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Jackson L. Kiser, Senior District Judge.
(CA-99-1-5)

Submitted: November 30, 2000

Decided: January 9, 2001

Before WILKINS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Daniel M. Press, Angela L. Hart, CHUNG & PRESS, P.C., McLean,
Virginia; Spencer B. Coe, Kenneth Lampe, JAMES W. CHAMBERS
& ASSOCIATES, Louisville, Kentucky, for Appellant. Daniel L.
Fitch, WHARTON, ALDHIZER & WEAVER, P.L.C., Harrisonburg,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Floyd Francis, the plaintiff below, appeals a jury verdict in favor
of the defendant, Jenny Ingles, and the district court's denial of his
motion for a new trial. Finding no error, we affirm.

On January 9, 1997, Francis was driving a tractor-trailer north on
highway 340 in Warren County, enroute to Winchester, Virginia.
Ingles was driving a passenger car southbound on the same road. At
about 3:45 in the afternoon, Ingles' car crossed the center line of the
roadway in front of Francis' truck, and the two vehicles collided.
There were apparently no independent witnesses to the collision.

Trial on the merits resulted in a defense verdict. Francis moved
post-trial for judgment as a matter of law, or for a new trial, which
the court denied. Francis appeals, alleging several errors by the dis-
trict court.

Francis first contends that the district court erred in denying his
motion for a voluntary nonsuit, as permitted under Virginia law. The
district court ruled that a nonsuit was not available in federal court.
On appeal, Francis contends that this ruling was erroneous because
*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), requires a federal
court sitting in diversity to apply state law in outcome determinative
matters.

Francis' reliance on *Erie* is misplaced in this case. The Supreme
Court has rejected a strict "outcome determinative" test in deciding
whether a particular state law applies in federal court, particularly
when a Federal Rule of Civil Procedure is applicable. *See Hanna v.
Plumer*, 380 U.S. 460, 466-67 (1965). In this case, Federal Rule of
Civil Procedure 41 is sufficiently broad to cover the issue of a plain-
tiff's right to voluntarily dismiss his case. There is no need, or

requirement, to look to state law. *See Piedmont Interstate Fair Assoc. v. Bean*, 209 F.2d 942, 945 (4th Cir. 1954); *see also Stern v. Inter-Mountain Tel. Co.*, 226 F.2d 409, 410 (6th Cir. 1955) (holding that Rule 41(a)(2), not state nonsuit statute, governs plaintiff's dismissal in diversity case); *Roth v. Great Atl. & Pac. Tea Co.*, 2 F.R.D. 182, 183 (S.D. Ohio 1942) (same). Francis' reliance on this Court's holding in *Scoggins v. Douglas*, 760 F.2d 535 (4th Cir. 1985), that "the difference in a Rule 41 dismissal and a Virginia nonsuit under § 8.01-380 goes more to matters of form than substance" is likewise misplaced, as it supports application of the federal rule in this case. The district court correctly held that § 8.01-380 did not apply to this diversity suit.

Francis next contends that the district court improperly denied his motion for a voluntary dismissal under Fed. R. Civ. P. 41(a)(2). We review a district court's decision on a plaintiff's motion to dismiss under Rule 41(a)(2) for abuse of discretion. *See Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). As a general rule, a plaintiff's motion for voluntary dismissal without prejudice should not be denied absent plain legal prejudice to the defendant. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997), *cert. denied*, 522 U.S. 1052 (1998); *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

The record discloses that plaintiff's motion came after a lengthy discovery period and merely one week before the scheduled trial date. Moreover, the motivation for the motion appeared to be to circumvent the court's decision to exclude one of the plaintiff's expert witnesses by deposing the witness after dismissal and then refiling. Counsel could have obviated the need for this maneuver by deposing the witness within the discovery period. Considering plaintiff's lack of diligence, noncompelling reason for the dismissal, and inconvenience dismissal would have imposed on the defendant in this case, we find that the district court did not abuse its discretion by denying plaintiff's motion. *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (discussing factors relevant to disposition of a Rule 41(a)(2) motion).

Francis moved for judgment as a matter of law at the close of the evidence, contending that there was no evidence that the defendant's vehicle slid on an icy road surface or that the collision resulted from

any cause other than defendant's negligence. The court denied the motion, stating that "I think under the evidence in the case the jury can find most any road condition they choose to." On appeal, Francis alleges that this denial was erroneous because there was no evidence of contributory negligence by Francis, nor any evidence to rebut the evidence of Ingles' negligence in crossing the centerline of the road.

"Judgment as a matter of law is proper when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Singer v. Duncan*, 45 F.3d 823, 826 (4th Cir. 1995) (internal quotation marks and citations omitted). We conduct a plenary review of the district court's decision, considering the evidence in the light most favorable to Ingles, the nonmovant. *Id.* at 827.

The evidence of the road conditions existing at the time of the collision, or shortly thereafter, was conflicting and clearly presented a question for the jury. Based upon the testimony of Ingles and Charles Cheeks, the chief of a volunteer fire department who arrived at the scene of the accident within minutes of its occurrence, the jury could have concluded that the road was icy or slippery at the time of the collision; and that Ingles' loss of control was not the result of any negligence on her part. Under Virginia law, the presence of a vehicle in the wrong lane of a roadway is prima facie evidence of negligence, *see Hemming v. Hutchinson*, 277 S.E.2d 230, 233 (Va. 1981), but "mere skidding of a motor vehicle on a slippery roadway does not establish negligence on the part of its operator." *Whitley v. Patterson*, 129 S.E.2d 19, 21 (Va. 1963). The district court correctly concluded that the conditions of the road and Ingles' actions prior to the collision were questions for the jury.

Under Virginia law, contributory negligence exists when "a plaintiff fails to act as a reasonable person would have acted for his own safety under the circumstances." *Artrip v. E.E. Berry Equip. Co.*, 397 S.E.2d 821, 823-24 (Va. 1990). If the plaintiff was contributorily negligent, Virginia law bars recovery in a negligence action if the plaintiff's contributory negligence proximately caused the injury. *See Litchford v. Hancock*, 352 S.E.2d 335, 337 (Va. 1987). Federal district courts operate under a federal standard when determining the sufficiency of the evidence for submission of the issue of contributory

negligence to a jury. *See Jones v. Meat Packers Equip. Co.*, 723 F.2d 370, 372 (4th Cir. 1983). In the absence of evidence, or reasonable inferences that can be drawn from the evidence, disclosing that a plaintiff was negligent, the issue of contributory negligence should not go to the jury. *Id.*

In this case, the evidence established that Francis was driving his tractor-trailer at approximately forty to fifty miles per hour on a downhill grade, where the speed limit was fifty five miles per hour, just prior to the collision. Although Francis' speed would appear reasonable in most weather and road conditions, the evidence of the conditions existing at the time of the accident varied in important details and was appropriately a question for the jury to resolve. Depending upon the jury's determinations of the weather conditions, they could have found that Francis' speed was unreasonable under the prevailing circumstances and prevented him from slowing or stopping to avoid the collision after Ingles' car entered his lane of travel, and was therefore a proximate cause of the collision. Whether Francis acted as a reasonable person under the circumstances obviously depends upon what the jury determined to be the circumstances at the time of the collision. The district court did not err in finding that the evidence was sufficient to submit contributory negligence to the jury.

In a closely related argument, Francis contends there was no evidence of any negligence on his part, and therefore the district court erred in giving an instruction on contributory negligence. As we have already found that the evidence was sufficient to support a finding of contributory negligence, it follows that evidence was sufficient to instruct the jury regarding this affirmative defense.

Francis next contends that the district court erred in giving an "unavoidable accident" instruction. Francis alleges there was no evidence to support such an instruction, because no evidence indicated that Ingles' car slipped on a wet or slippery road surface. As discussed above, the condition of the road surface was a fact in dispute in the trial, and therefore for the jury to determine.

Francis also complains that the district court improperly instructed the jury that "the fact that there was an accident and that the plaintiff was injured does not in and of itself entitle the plaintiff to recover."

This instruction, however, correctly states the law of Virginia that negligence cannot be presumed simply because an accident occurred. *See Sneed v. Sneed*, 244 S.E.2d 754, 755 (Va. 1978); *Murphy v. J.L. Saunders, Inc.*, 121 S.E.2d 375, 378 (Va. 1961). This instruction was not erroneous.

Francis requested the following instruction: "A driver of a vehicle has a duty to maintain the vehicle with tires with sufficient tread. If you find that Defendant's tires had insufficient tread and that the insufficiency of the tread was a proximate cause of the accident, you shall find that the Defendant was negligent." The court denied this request, noting that the testimony established that the defendant's tire tread depth met the requirements of the applicable Virginia statute, and that a proper evidentiary foundation had not been provided for the requested instruction, in the absence of a violation of the statute. On appeal, Francis argues this denial was erroneous, citing *Holmes v. Doe*, 515 S.E.2d 117 (Va. 1999).

The district court properly refused Francis' requested instruction because a proper foundation had not been established. *See United States v. Horton*, 921 F.2d 540, 543 (4th Cir. 1990). Virginia law prohibits operation of a motor vehicle with less than 2/32 of an inch tire tread depth. *See Va. Code Ann.* § 46.2-1043 (Michie 1998). The testimony in this case indicated that the tread depth of the tires on Ingles' car ranged from 2/32 to 5/32 of an inch, with a wear bar indicator showing on the right rear tire. No expert testimony was introduced as to whether tread of this depth was safe on wet or snowy roads.

In *Holmes*, the Virginia Supreme Court approved the admission of expert testimony regarding tire tread depth and hydroplaning. *Holmes*, 515 S.E.2d at 120. In that case, the expert opined that tire tread meeting the 2/32 inch minimum under Virginia law was unsafe on wet surfaces. *Id.* at 119. In this case, however, Francis offered no expert testimony concerning the safety, or lack thereof, of tires with tread depth similar to those on Ingles' car. Contrary to Francis' assertions, we believe this issue was beyond the common knowledge of the ordinary juror, and required expert testimony to provide context for the requested instruction. *See id.* at 120.

The district court correctly concluded that the tread depth was "sufficient" under Virginia law; and that, without expert testimony or

other evidence to provide a foundation that tread of this depth would be unsafe on wet or snowy roads, the instruction was not warranted.

In his final assignment of error, Francis contends that the district court improperly denied his motion for a new trial because the verdict was against the weight of the evidence and that there were factors present suggesting that the court should carefully scrutinize against jury bias. These factors arose from what Francis characterizes as Ms. Ingles' appeals "to the jury's fears of large trucks, and to their sympathy, with testimony about seeing a large red object bearing down on her."

A district court's denial of a Rule 59 motion for a new trial is reviewed for abuse of discretion. *See Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). Applying this standard of review, "[t]he verdict is permitted to stand unless, . . . under Rule 59, the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice." *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 100 (4th Cir. 1991) (internal citation and quotation marks omitted).

The evidence presented at trial clearly showed that the collision occurred when Ingles' car crossed into Francis' lane. What caused this event, however, was vigorously disputed. The evidence in this case supported a defense verdict based upon a finding that Ingles was not negligent and the accident occurred because of the road conditions; or that Francis was contributorily negligent and, under Virginia law, barred from recovery. Our review of the record convinces us that the verdict is not against the clear weight of the evidence.

Finally, the district court instructed the jury in compliance with Virginia law, and included a specific instruction that the jurors were not to be governed by prejudice or sympathy for either party. Jurors are presumed to follow the court's instructions. *See Weeks v. Angelone*, 120 S. Ct. 727, 733 (2000). Other than one brief statement by Ms. Ingles during her testimony, which the court directed the jury to disregard, the record contains no evidence of appeals to fear or sympathy, and fails to support Francis' allegation of possible juror bias. The district court did not abuse its discretion in denying Francis' motion for a new trial.

Accordingly, we affirm the district court's judgment order entered pursuant to the jury's verdict in favor of defendant Ingles, and which denies Francis' motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*