Bank of New York Mellon

v.

An Duc Nguyen
and Trang Thuy Tran

March 30, 2010

Case No. CL-2009-16787

By Judge Jonathan C. Thacher

This matter came before the Court on March 26, 2010, on Plaintiff Bank of New York Mellon's Motion for Summary Judgment or, in the Alternative, Motion in Limine. Upon consideration of the pleadings, the arguments of counsel, and the applicable governing authorities, the Court grants the Motion in Limine, in part.

*Factual Background*

The Bank brought an unlawful detainer action in Fairfax County General District Court against Defendants An Duc Nguyen and Trang Thuy Tran. The general district court entered judgment for the Bank. Nguyen and Tran now bring this appeal.

The Bank alleges that it purchased the property at issue, located at 6731 Montour Drive, Falls Church, Virginia, at a trustee's foreclosure sale. In its motion, the Bank is preemptively attempting to limit Nguyen's and Tran's ability to "try the title to the Property under the guise of this

appeal." To accomplish this, it is asking for alternative relief: either summary judgment or the entry of an order in limine prohibiting the admission of evidence relating to the Property's title.

The Bank argues that, because the general district court did not have jurisdiction to try title to real property in the underlying case, Nguyen and Tran cannot contest the title through their appeal. According to the Bank, if Nguyen and Tran wish to contest title, they must do so through a separate action invoking the circuit court's original jurisdiction rather than its appellate jurisdiction. Nguyen and Tran respond by arguing that they are allowed to introduce any evidence relevant to right of possession in this unlawful detainer appeal.

*Analysis*

A. *Summary Judgment*

Summary judgment is a drastic remedy in Virginia. *Klaiber v. Freemasons Assoc.*, 266 Va. 478, 484, 587 S.E.2d 555, 558 (2003). It is appropriate only when no material facts are genuinely in dispute and when the moving party is entitled to judgment as a matter of law. Va. Sup. Ct. R. 3:20. The Bank has not met this heavy burden. Indeed, it has failed to even allege that there are no material issues of facts to be resolved by the Court. The Bank's prayer for summary judgment is denied.

B. *Motion in Limine*

Motions in Limine are appropriate (1) when issues can be conclusively determined before trial and (2) when an in limine ruling will either allow parties to reserve their trial preparation resources for matters that will be admissible at trial or allow the trial judge to insulate jurors from inadmissible and prejudicial evidence. *Park v. Robinson*, 46 Va. Cir. 266, 267-68 (Fairfax County 1998) (Klein, J.). In this case, the Bank is asking the Court to determine whether it has jurisdiction to hear evidence relating to the property's title in advance of trial. This jurisdictional issue can be conclusively determined before trial, and the question may be resolved in limine.

Both general district courts and circuit courts have jurisdiction to hear unlawful detainer actions. Va. Code §§ 16.1-77(3), 8.01-124. General district courts do not, however, have statutory authority to try title to real property. *Addison v. Salyer*, 185 Va. 644, 648-49, 40 S.E.2d 260, 262

(1946) ("Since 1808 this court has consistently held that a justice of the peace has no jurisdiction in cases involving title to real property"). If Nguyen and Tran could not contest title in general district court, the circuit court lacks jurisdiction to hear the title issue on appeal. *Stacy v. Mullins*, 185 Va. 837, 841, 40 S.E.2d 265, 266 (1946) (holding that "if the court in which the action is brought has no jurisdiction of the subject matter, the appellate court will acquire none by the appeal").

An action for unlawful detainer is brought to determine which party has a superior right of possession to real property. *See Morris v. Deane*, 94 Va. 572, 573, 27 S.E. 432, 432 (1897) (holding that the only matter in issue in a unlawful detainer action was the right of possession). When an unlawful detainer action is tried by a general district court or by a circuit court hearing an appeal from a judgment entered in a general district court, evidence may be admitted that is relevant to the question of who has the superior right of possession. *See Clay v. Commonwealth*, 262 Va. 253, 257, 546 S.E.2d 728, 730 (2001) ("Evidence is relevant if it tends to prove or disprove, or is pertinent to, matters in issue."). Evidence may not be admitted, however, if it is probative only of the question of whether or not there is a defect in title. If such evidence was admissible, a party could effectively turn any unlawful detainer case into an action trying title, a cause of action over which the general district court has no jurisdiction.

## Conclusion

The parties may introduce any evidence at trial that is probative as to who holds a facially valid title to the Property. No evidence may be admitted, however, which would serve only to attack a facially valid title.

## Order

This matter comes to the Court on Plaintiff Bank of New York Mellon's Motion for Summary Judgment or in the Alternative, Motion in Limine; and it appearing that evidence as to who has a superior right of possession of real property is relevant in an unlawful detainer action, for the reasons stated in the Court's Letter Opinion of March 30, 2010, it is therefore ordered that the Court's Letter Opinion of March 30, 2010, is incorporated into this Order; it is further ordered that the Bank's Motion in Limine is granted in part and the parties may introduce evidence at trial

that is probative as to who holds a facially valid title to the Property, but no evidence may be introduced which would serve only to attack a facially valid title.