**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-2072**

---

PITT OHIO EXPRESS, LLC;  THOMAS TROXEL MILLER,

        Plaintiffs - Appellees,

     v.

PAT SALMON & SONS, INC.;  JOHN JOSEPH BANIK,

        Defendants - Appellants,

     and

C. BEAN TRANSPORT, INC.;  WILLIAM MICHAEL FEWELL,

        Defendants.

---

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Michael F. Urbanski, District Judge.  (5:11-cv-00059-MFU)

---

Submitted:  June 5, 2013         Decided:  July 16, 2013

---

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph Francis Cunningham, James Vincent Lopez, Joshua Matthew Hoffman, CUNNINGHAM & ASSOCIATES, PC, Arlington, Virginia, for Appellants.  David W. Hearn, Sarah Warren S. Beverly, SANDS ANDERSON, PC, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal presents a challenge to the district court's refusal to overturn a jury verdict or grant a new trial in a case resulting from an interstate highway collision. Appellants also claim that the district court abused its discretion by excluding expert testimony and excluding certain evidence as unfairly prejudicial. For the reasons that follow, we affirm the judgment.

I.

This case arises from a series of collisions involving three commercial trucks and a passenger vehicle along Interstate 81 in Shenandoah County, Virginia. In response to foggy conditions, William Michael Fewell slowed the first commercial truck, which was owned by his employer C. Bean Transport Inc. ("C. Bean"). Joseph Banik, driving the second truck, which was owned by his employer, Pat Salmon and Sons, Inc. ("Pat Salmon"), collided with the back of the C. Bean truck. That collision caused only minor damage to both trucks, but it disabled the Pat Salmon truck and at least partially obstructed both lanes of traffic. Very shortly thereafter, a Hyundai sedan approached the stationary truck and applied its breaks. A third commercial truck owned by Pitt Ohio Express LLC. ("Pitt Ohio") and driven by Thomas Miller collided with the back of the Hyundai,

3

propelling the car into the back of the Pat Salmon truck.[1]  Both occupants of the Hyundai and a passenger who had exited the Pat Salmon truck died in the collision.

After the accident, Banik, the driver of the second, Pat Salmon truck, was charged with reckless driving and pleaded guilty to a lesser offense of driving improperly on the night of the accident.  Pitt Ohio, the owner of the third truck, agreed to voluntary settlements with the estates of the three decedents.  The decedents' estates agreed to release all liability claims against Pat Salmon as part of the settlement.  Pitt Ohio then filed this action in the District Court for the Western District of Virginia seeking contribution from Pat Salmon and C. Bean for their joint liability in the collisions and resulting settlements.

Before trial, Pat Salmon unsuccessfully moved for summary judgment on the questions of negligence and proximate causation.  Pitt Ohio filed motions in limine to exclude expert testimony as to the proper standard of care for operating commercial vehicles and to exclude evidence of the presence of beer containers in

---

[1] For ease of reference, we refer hereinafter to Fewell, the driver of the first truck, and C. Bean, the owner of the first truck, collectively as "C. Bean."  We likewise refer generally to Banik, the driver of the second truck, and Pat Salmon collectively as "Pat Salmon." And we refer to Miller, the driver of the third truck, and Pitt Ohio collectively as "Pitt Ohio."

the cab of the Pitt Ohio truck. The district court granted both motions. Pitt Ohio proceeded to trial, where the jury returned a verdict against Pat Salmon.[2] After denying appellants' renewed motion for judgment as a matter of law, or in the alternative, a new trial, the district court entered judgment against appellants for $687,500.00. This appeal follows.

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 50(b), we will affirm the denial of a renewed motion for judgment as a matter of law if, "'giving [the non-movant] the benefit of every legitimate inference in his favor, there was evidence upon which a jury could reasonably return a verdict for him....'" Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (quoting Abasiekong v. City of Shelby, 744 F.2d 1055, 1059 (4th Cir. 1984)). Meanwhile, the decision to grant a new trial under Federal Rule of Civil Procedure 59(a) "is within the sound discretion of the district court, and we respect that determination absent an abuse of discretion." Id.

---

[2] The jury found no negligence on the part of C. Bean. It is not a party to this appeal.

Given these standards, the jury verdict should be sustained. The jury could have determined, evaluating the evidence in the light most favorable to Pitt Ohio, that Banik, the driver of the second, Pat Salmon truck, was driving negligently when he drove his vehicle into the back of the C. Bean truck. In cases involving the negligence of a following vehicle, it "is for the jury" to determine "what due care required, and whether it was exercised." S. Fruit Distributors v. Fulmer, 107 F.2d 456, 458 (4th Cir. 1939). The jury was entitled to reject Banik's testimony that he did nothing wrong on the day of the accident, especially in light of his guilty plea to improper driving. Such determinations are for the trier of fact, and on appellate review, "[w]e do not weigh evidence nor judge the credibility of witnesses." First Union Commercial Corp. v. GATX Capital Corp., 411 F.3d 551, 556 (4th Cir. 2005).

Similarly, there was sufficient evidence for the jury to find that Banik's negligence proximately caused the three deaths. Under Virginia law, "[t]he proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." Doherty v. Aleck, 641 S.E.2d 93, 97 (Va. 2007) (internal quotation marks omitted). Pat Salmon argues that there were in fact two separate accidents separated by five to

6

ten seconds, and that because Banik was involved only in the first, he did not cause the second, fatal accident. That theory was presented to the jury at trial, but as the district court noted, the jury "didn't buy it." Instead, it evidently viewed the collision between the Pat Salmon and C. Bean trucks as part of one larger accident. The jury determined that Banik's negligent operation of his truck was the first step in a chain reaction that led to the three deaths, and it is within the province of the trier of fact to make such a finding.

B.

Next, appellants argue that the district court should not have excluded testimony by their accident reconstruction expert on the standard of care for operating a commercial truck in difficult conditions. We review the exclusion of expert testimony for abuse of discretion. See United States v. Barile, 286 F.3d 749, 753 (4th Cir. 2002).

As an initial matter, Pat Salmon did not preserve its appeal of the district court's exclusion of the expert's testimony. Pat Salmon did not disclose in the record the substance of what the witness intended to say. See Fed. R. Evid. 103(a)(2) ("if the ruling excludes evidence, a party [must] inform[] the court of its substance by an offer of proof" in order to claim error); United States ex rel. Ubl v. IIF Data Solutions, 650 F.3d 445, 455 n.2 (4th Cir. 2011). Absent that

disclosure, this court cannot properly determine whether the expert's testimony might have been admissible. In addition, the district court originally excluded the expert's testimony because a complete statement of his opinions was not properly disclosed in his written report, as required under Federal Rule of Civil Procedure 26(a)(2)(B). Appellants do not challenge this ruling on appeal, and there is no basis for this court to review it.

The district judge's decision to exclude the testimony was also sound on the merits. Expert testimony has its place, but courts are permitted to exclude expert testimony when "it concerns matters within the everyday knowledge and experience of a lay juror." Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993). The district court was well within its discretion when it determined that the jury was best positioned to "decide from the evidence whether someone was driving too slow or too fast or was otherwise negligent under the conditions encountered on April 20, 2009."

## C.

Finally, appellants argue that the district court abused its discretion by excluding under Federal Rule of Evidence 403 testimony that there were beer containers in the cab of the Pitt Ohio truck. "A district court's evidentiary rulings are entitled to substantial deference, because a district court is

much closer than a court of appeals to the pulse of the trial." United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992) (internal quotation marks ommitted).

Under Virginia law, evidence such as a person's "manner, disposition, speech, muscular movement, general appearance or behavior" must be presented in order to admit the issue of intoxication properly. Hemming v. Hutchinson, 277 S.E.2d 230, 232 (Va. 1981). Because such evidence was not presented by appellants, the district court was entitled to exclude testimony regarding the beer containers as unfairly prejudicial. Weighing the probative against the prejudicial under Rule 403 is a classic call for a district judge, and the court below did not abuse its discretion in excluding the evidence of the beer cans as unduly prejudicial.


III.

The trier of fact cannot be said to have unreasonably decided the issues of negligence and causation. The district court's evidentiary rulings were within its sound discretion. For the foregoing reasons, the judgment is affirmed.

AFFIRMED