# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Claudia H. Hamrock

 v.

Jeffrey Dunham
and Denise Dunham

Case No. CL11-1913

By Judge Randall D. Smith

August 1, 2013

This matter was before the Court on July 31, 2012, on Defendant's motion in limine to exclude the opinion testimony of Dr. Robert May, D.V.M., and Dr. Constance Pozniak, D.V.M. The Court has considered Defendants' brief, the arguments of counsel, and the applicable law. The Court stands ready to rule.

## I. *Background*

This is a personal injury suit relating to a dog bite incident in Chesapeake, Virginia. Claudia H. Hamrock has alleged that Jeffrey and Denise Dunham's male akita "Kuma" bit Plaintiff on the arm and face. Plaintiff seeks $1,000,000.00 in damages. A jury trial has been set for August 12, 2013.

Dr. Robert May, D.V.M., and Dr. Constance Pozniak, D.V.M., both treated Kuma, and Plaintiff designated them as expert witnesses. Defendant argues that their testimony should be excluded because it is speculative and because Dr. May and Dr. Pozniak violated their ethical duties as veterinarians and displayed unprofessional conduct by "revealing information gained in confidence in the course of providing veterinary care to Kuma" to the Plaintiff.

## II. *Law and Analysis*

Relevant evidence may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice or its likelihood of misleading the trier of fact. Va. R. of Evidence 2:403. Relevant evidence

may also be excluded if a privilege exists.          Defendants argue that Dr. May and Dr. Pozniak violated their duty of confidentiality by disclosing information about Kuma to Plaintiff, and, therefore, the veterinarians should be barred from testifying.

Common law did not recognize a physician patient privilege. However, the Virginia Code codifies a physician patient privilege. *See* Va. Code Ann. § 8.01-399. The Code provides that "no duly licensed practitioner of any branch of the healing arts shall be required to testify in any civil action, respecting any information that he may have acquired in attending, examining or treating the patient in a professional capacity." Va. Code Ann. § 8.01-399(A).

Section 54.1-2900 of the Virginia Code provides a definition of the term "healing arts" as used in § 8.01-399 of the Virginia Code. The term healing arts "means the arts and sciences dealing with the prevention, diagnosis, treatment and cure or alleviation of *human* physical or mental ailments, conditions, diseases, pain, or infirmities." Va. Code Ann. § 54.1-2900 (emphasis added).

Veterinarians treat animals not humans. As such, Section 8.01-399 of the Virginia Code does not apply to veterinarians. Therefore, no privilege of confidentiality between the dog, the Defendants, and Dr. May and Dr. Pozniak exists.

Defendants also argue that Dr. May and Dr. Pozniak engaged in unprofessional conduct that could cause their veterinarians' licenses to be suspended or revoked, and, therefore, they should be barred from testifying. The Virginia Code provides that a veterinarian may have her license suspended if she is "guilty of unprofessional conduct as defined by regulations of the Board [of Veterinary Medicine]." Va. Code Ann. § 54.1-3807(5).

The Board of Veterinary Medicine defines unprofessional conduct to include, "revealing confidences gained in the course of providing veterinary services to a client. . . ." 18 VAC 150-20-140(4).

Without deciding whether Dr. May and Dr. Pozniak violated an ethical duty, a violation of an ethical duty does not operate to bar veterinarians from testifying in court. Although it could result in the loss of a license, a veterinarian's unprofessional conduct does not prevent the introduction of relevant evidence at trial.

### III. *Conclusion*

Defendants' motion in limine to bar the testimony of Dr. May and Dr. Pozniak because of a violation of physician patient privilege or because of a violation of an ethical duty is denied. The remainder of Defendants' objections to the veterinarians' testimony is reserved for trial.

August 9, 2013

This matter was before the Court on July 31, 2013, on Plaintiff's motion *in limine* to exclude any evidence regarding the intoxication of the Plaintiff, at trial. The Court has considered the parties' briefs, the arguments of counsel, and the applicable law. The Court stands ready to rule.

## I. *Background*

Plaintiff claims she was bitten by Defendants' dog on August 29, 2009. Later that day, Plaintiff spoke to Animal Control Officer Melanie Tobin and stated that she "was very intoxicated and did not remember a lot" about the incident. The fact that Plaintiff made this statement is not in dispute. During her deposition, Plaintiff stated that she was not intoxicated and could remember the details of the incident.

Plaintiff seeks to exclude any reference to Plaintiff's level of intoxication or whether the presence or odor of alcohol can be a stimulus that affects dogs. Plaintiff files this motion *in limine* on two grounds: (1) that there is no scientific basis or support upon which any such conclusion can be drawn and (2) that Plaintiff's level of intoxication has no probative value to any material issue in the present case.

## II. *Law and Analysis*

### A. *Expert Opinion*

Plaintiff argues that any expert testimony regarding alcohol as a stimulus that affects dogs should be excluded.

At this stage, this type of expert opinion appears to be speculative. The Court takes this issue under advisement. If Defendants seek to introduce this type of expert, the Court will hear a proffer and make a determination at trial.

### B. *Plaintiff's Intoxication*

Plaintiff also argued that, based on Virginia law, evidence of Plaintiff's intoxication should be excluded. Plaintiff cites to *Hemming v. Hutchinson*, 221 Va. 1143, 277 S.E.2d 230 (1981), and *Pitt Ohio Express, L.L.C. v. Pat Salmon & Sons, Inc.*, 2013 U.S. App. LEXIS 14358.

In *Hemming*, the defendant admitted to drinking two to three beers the evening before an automobile accident. *Hemming*, 221 Va. at 1144. The investigating police officer testified that he did not detect the odor of alcohol on defendant's breath or observe signs of intoxication as defendant walked. As such, no foundation existed to admit evidence of defendant's alcohol consumption without evidence to establish that it affected defendant's driving at the time of the accident. *Id*. at 1146.

The facts here are distinguishable from *Hemming*. In this case, Plaintiff admitted to Animal Control Officer Tobin that "she was very intoxicated and did not remember a lot" she was not sure if she had tripped over the dog or not. The foundation here is established by Plaintiff's own admission.

Additionally, intoxication is relevant in assessing Plaintiff's credibility to accurately recount the events of the dog bite incident and testify about them, especially if her testimony conflicts with the testimony of other witnesses.

Therefore, Plaintiff's *motion in limine* is denied with regard to this issue.